## SAMUEL DOAK, Respondent, v. GEO. W. BRUBAKER, Appellant.

Delivery of possession of personal property may be either actual or constructive; an actual delivery is contemplated by the statute, unless such delivery be impossible or extremely inconvenient, in which case a smybolical delivery is sufficient.

Where the property is in the possession of a bailee also, actual delivery is not necessary; the only delivery which could be made would be to give an order for it, or deliver the receipt, or obtain the recognition of the bailee, bnt when in the possession of an agent or servant a different rule prevails.

APPEAL from the District Court of the Second Judicial District, of the Territory of Nevada, for Douglas County, Hon. GEO. TURNER presiding.

This action was brought to recover the possession of a cer-

tain number of cattle, and damages for their detention. It appeared that on the 3d day of July, A. D. 1862, George W. Chedic and D. B. Milne, being indebted to plaintiff in the sum of fifteen hundred dollars, executed in his favor their promissory note of that date, payable in three months, with interest at the rate of three per cent. per month, and to secure the payment of the note, they executed and delivered a chattel mortgage, whereby they sold and conveyed to him five hundred head of cattle. Afterwards, on the 14th day of August, A. D. 1862, the defendant, as Sheriff of Douglas County, levied upon the cattle by virtue of various executions in his hands against Chedic and Milne.

The cause was tried without a jury, and upon the facts found by the Court, judgment was rendered in favor of defendant. The Court found that there was a debt due to plaintiff from Chedic and Milne, that such debt was *bona fide*, that the mortgage was taken in good faith for the purpose of securing his debt, and not in consideration of the failing circumstances of the debtors.

As to the sufficiency of the delivery of the cattle under the chattel mortgage by Chedic and Milne to the plaintiff, the Court says:

" The Court, upon the issue as to the sufficiency of the delivery of said cattle, hold that the same was not sufficient under the law. There were some four hundred head of the same. The mortgage was executed, and mortgagor and mortgagee went out from Carson City to have the delivery made. Mr. Daniel Dean was herdsman for Chedic. Something like a hundred head of cattle were in sight, part of two other droves were also about there. Chedic says, ʻhere they are, you see the brands and marks, some of them are here; I deliver them,ʼ and stated the number in all at four hundred and fifty head. Thereupon Chedic discharged Dean, and Doak employed him at once, and he continued right on in charge of the cattle," etc.

The cattle were running at large at the time of the execution of the mortgage, and continued so up to the time they were levied on by the Sheriff.

*Thomas Sunderland* and *W. S. Wood*, for Appellant, made the following points:

1st. The facts found by the Court constitute a sufficient delivery, and the Court erred in rendering judgment for defendant.

The question of delivery is a mixed question of law and fact, but as to what will constitute a delivery, is a question of law alone. (*Vance* v. *Boynton*, 8 Cal. 560.)

What constitutes delivery depends upon the character of the article, and the circumstances of each case. (*Chaffin* v. *Doub*, 14 Cal. 384; *Manton* v. *Moore*, 7 Term, 67; *Stovald* v. *Hughs*, 14 East. 308; *Montgomery* v. *Hunt*, 5 Cal. 226; *Brown* v. *Stebbins*, 26 Vermont.) Under the rule laid down in these cases, we contend that the delivery was sufficient.

Again, the Court finds that Dean, the herdsman, was employed by plaintiff, and continued right on in the charge of the cattle. This fact establishes Doak's possession, and that he continued in possession. The possession of the servant is the possession of the master. (*Goodwin* v. *Garr*, 8 Cal. 617; *Stearns* v. *Irwin*, 15 Cal. 503.)

*P. H. Clayton*, for Respondent.

The continued change of possession required by the statute of frauds after a sale of goods and chattels in order to sustain the sale, must be actual and not constructive. (*Fitzgerald & Brown* v. *Gorham*, 4 Cal. R. 289 and 290.)

The absence of any fraudulent intent will not take the case out of the statute of frauds; there must be an actual and continued change of possession, or the sale is void as to creditors. (*Stewart* v. *Scannell*, 8 Cal. R. 80.)

Whether a sale of personal property is void as to the creditors and subsequent purchasers, must be determined by the sixty-fourth section of the statute of frauds. (Laws of Nevada, 20, sec. 64; *Vance* v. *Boynton*, 8 Cal. 554.)

If the property remains in the charge of the same person at the same place, and is used in the same manner after as before the sale, there is no such actual and continued change of possession from the vendor to the vendee as to take the case

Doak *v.* Brubaker.

out of the operation of the statute. (*Hurlburd* v. *Bogardus*, 10 Cal. 518.)

The possession must be continuous and substantial, and the the failure to make it so, is conclusive evidence of fraud. (*Stevens* v. *Irwin*, 15 Cal. 503 ; *Engels* v. *Marshall*, 19 Cal. 320.)

Though the delivery of property may be constructive instead of actual, when it is bulky, yet it must be shown by some unequivocal act. (*Malone* v. *Plato*, 22 Cal. 103.)

Opinion by LEWIS, C. J., full Bench concurring.

But one question is raised on the record in this case, *i. e.* : Do the facts found by the Court show a delivery of the cattle sufficient to enable the plaintiff to hold them against the creditors of the mortgagor ?

Section 64 of " An Act concerning conveyances," Laws of 1861, provides that " every sale made by a vendor of goods and chattels, in his possession, or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and followed by an actual and continuous change of possession of things sold or assigned, shall be conclusive evidence of fraud as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith."

Section 66 of the same Act, providing that no mortgage of personal property shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to the mortgagee is in fact embraced in section sixty-four, for a mortgage of personal property is legally an assignment thereof. There can be no difference in the character of the delivery required then, whether the property be sold absolutely, or assigned by mortgage.

And, indeed, the evident purpose of both sections is the same; the prevention of the frauds which would necessarily result from the practice of permitting the right of property to be in one person, and the possession and all the indicia of the right of property being in another.

Delivery of possession of personal property, may be either actual or constructive, and it seems that an actual delivery is

contemplated by the statute, unless, indeed, such delivery were impossible or extremely inconvenient, in which case a symbolical delivery would doubtless be sufficient. If property mortgaged could be transferred to the mortgagee by a mere constructive or symbolical delivery, where actual delivery can be readily made, practically these sections of the statute would be entirely nugatory, and their object totally defeated. There being no means by which the public can ascertain whether personal property is mortgaged or not, except by the change of possession, and the person in possession, and exercising ownership over it, being presumed to be the owner, if after being mortgaged it were allowed to remain in the possession of the mortgagor, mortgage after mortgage might readily be placed upon· it; this being the very evil sought to be remedied by the statute, we think such a construction should be put upon it as will most effectually carry out its object. To accomplish this purpose, and to secure probity and fair dealing in transactions of this kind, the opportunities of fraud must be removed. There must not only be a transfer of the right of property, but the possession must accompany it. The authorities are certainly conflicting upon the question of what will constitute a delivery of possession, but we can find no case which goes to the length of holding that mere words are sufficient where a tradition of the property is possible.

In the case at bar no act was done which would indicate the intention of the parties, or to give notice to the world that a transfer of possession had taken place. The cattle were left where they were before the execution of the mortgage, and under the control and charge of the same herdsman. Had there been a change in the herdsman, that would have been an act evidencing the change of property, and would probably have been sufficient to have effected a delivery. But here, to all outward appearances, there was no change of property, or of the possession, when a delivery could easily have been made, and thus the mortgagor might have obtained credit upon the cattle, or sold them to another, after he had in fact parted with all his right by mortgage to the plaintiff.

It is well settled that a symbolical delivery merely is suffi-

cient of ponderous articles of which it would be a matter of great difficulty to make an actual delivery, as the case put by Chancellor Kent of a column of granite, which by its weight and magnitude was not susceptible of any other delivery than that of the consent of the parties on the spot. But many of the Courts have gone further, and held that a symbolic or constructive delivery is sufficient where actual delivery is merely inconvenient. But such a rule, if adopted here, would destroy the entire efficacy of the statute, for parties would always find it convenient to prove the inconvenience of a delivery whenever the question was raised.

Where the property is in the possession of a bailee, also, an actual delivery is unnecessary, because the vendor himself not having the possession, the only delivery which could be made would be to give an order for it, or deliver the receipt and obtain the recognition of the transaction by the bailee.

Thus it is said the "taking a bill of parcels and an order from the vendor to a storekeeper for the goods, and giving and marking them with the initials of one's name," is a delivery. So, also, with the taking a bill of parcels, and the order on the warehouseman and paying the price.

And the mere communication of the vendor's order on a wharfinger or warehouseman, for delivery, and assented to by him, passes the property to the vendee. In the case of *Taxworth* v. *Moore*, 9 Pick. 347, the vendor of a horse in the possession of a bailee, sold it, and ordered the bailee to deliver him to the vendee, and upon the request of the vendee, he continued to take charge of the horse as before the sale, and it was held to be a good delivery, even against the creditors of the vendor. But in all these cases the property was not in the possession of the vendor at the time of sale, for the possession of a bailee who has a special property in the thing bailed, cannot strictly be considered the possession of the bailor, and therefore the only delivery which could be made, as before suggested, was by an order on the bailee.

But in the case at bar, the cattle were in the possession and under the control of the mortgagor, for the herdsman was merely his servant or agent, having no property in the cattle, and whose possession was only for his master, the mortgagor.

If Dean were a bailee, and not a mere servant, the delivery here would undoubtedly be sufficient under the authorities referred to, and also under the statute which only requires a delivery when the property is *in the possession of the vendor or under his control.*

We can find no authority which would sustain a delivery of this kind where the property is in the charge of a servant, and is susceptible of actual delivery; but on the other hand, the case of *Hurlburd* v. *Bogardus*, 10 Cal. 519, is directly in point against the appellant here.

The judgment below must be affirmed.