# FOUNTAIN LAWRENCE, Respondent, v. HENRY P. BURNHAM, Appellant.

New Trial, when Improper. When a judgment and verdict are in accordance with the evidence, and there is no substantial conflict in it upon any material issue, and no error has intervened, the court has no right to grant a new trial, and if it do so its order will be set aside as unauthorized.

Delivery of Goods under Statute of Frauds. Where Robinson worked Lawrence's farm on shares for a term expiring October 1st, 1866, and on that day Lawrence took possession of one room in the house, leaving Robinson and his family living in the house as before, and commenced collecting pay for the pasturage of cattle on the farm; and the grain owned in common, having been threshed after the term, was placed in two separate bins in the barn; and while it was there Robinson sold his share, which was in one of the bins, to Lawrence, but there was no other delivery, except that Robinson, going with Lawrence to the barn, said in the presence of a witness, "Here is the grain I have sold you," and Robinson continued to keep a key of the barn in which he also continued to keep his horses as before: *Held*, that there was no such delivery of the grain as to take the sale out of the statute of frauds, or protect the property as that of Lawrence from attaching creditors of Robinson.

Levy upon Interest of Owner in Common of Chattels. Where two parties were owners in common of certain hay, and a writ of attachment against one of them was placed in the Sheriff's hands, with instructions to levy on the hay: *Held*, that it was the Sheriff's right and duty to take the entire property into his possession, though he could not sell more than the interest of the attachment debtor; and that the other owner in common could not maintain replevin against the Sheriff, before a sale, for his share.

Want of Delivery, when Conclusive Evidence of Fraud. Under the statute of frauds the want of an immediate delivery, and an actual and continued change of possession, in case of a sale of personal property, is *conclusive evidence of fraud* as against the creditors of the vendor, and it makes no difference, so far as that question is concerned, whether such creditors had notice of an attempted sale or not.

Appeal from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*D. W. Virgin, George A. Nourse,* and *S. C. Denson,* for Appellant.

No brief on file.

*Clayton and Davies,* for Respondent.

24

On October 1st, 1867, Robinson's term having determined by act of law, the reversionary interest was cast upon the grantor, Fountain Lawrence; and at that time the said Lawrence, being tenant in fee, re-entered upon his premises, assumed actual possession of the same, and thereafter exercised absolute, exclusive, undisputed, and notorious control of the entire place.

## I.

Personal property follows the realty, and a change in the possession of the land necessarily effects a change in the possession of the personalty thereon. The plaintiff having assumed exclusive and undisputed control of the land, and being in the actual occupancy of the premises, was *ipso facto* in the possession of the personal property thereon. (*Montgomery* v. *Hunt*, 5 Cal. 368; *Cahoon* v. *Marshall*, 25 Cal. 197.)

## II.

The plaintiff, under the agreement to farm upon shares, was entitled to one-half of the hay cut on the ranch, and by purchase, on October 25th, 1867, was entitled to the grain in dispute. The tenant Robinson sold his half of the hay to Gaudy and Hildebrand, (the same was subsequently delivered by the Sheriff) and the remaining half, which the Sheriff claims to have attached, was the property of plaintiff. The evidence shows that Robinson was only on the land for the purpose of raising and harvesting the crop; that the grain and hay were cut and secured on the premises; that Robinson sold the remnant of his share of grain to plaintiff; and that after the determination of Robinson's term he had nothing further to do in the control of the crop and the premises, the plaintiff assuming dominion and control of the same and residing on the premises. Under these circumstances, the delivery to the plaintiff of the grain sold to him, already in his possession, was as complete as was possible, and the plaintiff was not bound to abandon his premises, or carry the grain beyond them, in order to perfect his title as against the creditors of his vendor. (*Pacheco* v. *Hunsacker*, 14 Cal. 120; *Welch* v. *Sullivan*, 8 Cal. 187; *Chuffin* v. *Daub*, 14 Cal. 384.)

## III.

The mere fact of the vendor's remaining on the premises does not vitiate the vendee's title. (*Vischer* v. *Webster*, 13 Cal. 58; *Bernal* v. *Hovious*, 17 Cal. 541; *Hodgins* v. *Hook*, 23 Cal. 581.)

## IV.

The Sheriff levied upon and sold *the whole* of the hay, when he should only have sold the interest of Robinson; and the purchasers have become tenants in common with Fountain Lawrence, the plaintiff. (*Bernal* v. *Hovious*, 17 Cal. 547.)

## V.

The burden of showing error is upon the party alleging it. Respondent can sustain the ruling of the Court below upon any grounds. (*Brown* v. *Tollis*, 7 Cal. 398; *Clarke* v. *Huber*, 25 Cal. 598.)

## VI.

Questions of discretion are not reviewed, except in cases of *gross abuse.* A motion for new trial is addressed to the sound discretion of the Court, and the Supreme Court can only interfere in case of plain abuse of such discretion. (*Peters* v. *Foss*, 16 Cal. 358; 15 Cal. 26; 16 Cal. 80; 10 Cal. 301; 17 Cal. 92; 22 Cal. 82.)

## VII.

Where a motion for a new trial was made on *several* grounds, and the record does not show on which ground the action of the Court was based, the order will not be reversed, if it was in the discretion of the Court to make it on any grounds. (*Oullahan* v. *Starbuck*, 21 Cal. 414.)

## VIII.

An order granting a new trial will not be reversed, because the reason assigned is a bad one, provided there was a good reason for granting the same. The appellate Court is not confined to the reason assigned by the Court below in granting it. Where the findings are not warranted by the evidence, a new trial should be

granted; and when there is *conflict* in the testimony, the appellate Court will not reverse an order granting a new trial. (*Bolton* v. *Stewart*, 29 Cal. 615; *Grant* v. *Moore*, 29 Cal. 644; *Coghill* v. *Marshall*, 29 Cal. 673; *Oullahan* v. *Starbuck*, 21 Cal. 414.)

By the Court, LEWIS, J.

In the month of April, A.D. 1867, the plaintiff, who is the owner of a ranch in the county of Douglas, entered into an agreement with one Anderson Robinson, by the terms of which the latter was to take possession of, and cultivate the ranch during that season, and have the use of the buildings thereon, including the dwelling-house, one room therein only being reserved by the plaintiff. In consideration for which Lawrence was to have one-half of the products; his moiety of the grain to be delivered to him when threshed, and the hay when baled. This agreement was treated by the parties as a lease, and was to continue until the first day of October, A.D. 1867, at which time it appears to have been understood that Robinson would surrender the possession of the premises to the plaintiff. On that day Lawrence claims to have taken possession, but beyond the formal taking possession of one room in the house, and collecting pay for the pasturing of cattle on the ranch, nothing was done by him. He continued to live in the building which he had occupied during the whole season, whilst Robinson and his family remained in the dwelling-house, occupying it as they had done prior to the first of October, with apparently no change in their right to remain upon the premises, and such was the position of matters when the Sheriff levied upon the property now in question. It appears that the grain was not threshed until about the twenty-third day of October, at which time it was divided in accordance with the contract, the parties placing their respective portions in different bins, but in the same barn. Robinson kept a key which would admit him to this barn, but whether it was the only one belonging to the building or not does not appear. The hay was kept in another barn, and although Robinson had sold a portion of it, the baling had not been done, and consequently no division had taken place when it was seized by the Sheriff.

On the twenty-fifth day of October Robinson sold his portion of

the grain to the plaintiff, and on that day or the next sought to make a delivery of it, but nothing was done except that the parties went to the barn, and in the presence of witnesses Robinson said to Lawrence : " Here is the grain which I have sold you," pointing it out at the same time. Its position was, however, in no wise changed, but it remained in the same bins where it had previously been kept. This was the condition of matters on the twenty-sixth day of October, when the defendant, who is the Sheriff of the county of Douglas, by virtue of a writ of attachment issued against Robinson, levied upon his portion of the grain, and all the hay. The plaintiff at once instituted this action to recover possession of the grain, together with about fourteen tons of hay, which, it is claimed, was the just proportion belonging to him.

The action was tried without a jury, the Judge below finding the facts substantially as we have stated them, and also holding that there was no such actual delivery of the grain to the plaintiff as to make the sale good against the claims of the creditors of Robinson, and the hay being common property at the time of the levy, the Sheriff had the right to take the whole into his possession under the attachment, although under the execution only Robinson's interest could be sold. Judgment was rendered in favor of the defendant.

A motion for new trial being subsequently made and granted, the defendant appeals from the order. Upon what ground the new trial was granted does not appear, nor can we find anything in the statement upon which such action of the lower Court can be maintained.

When a verdict and judgment are in accordance with the evidence, and there is no substantial conflict in it upon any material issue, and no error has intervened, the lower Court has no right to disturb such verdict and judgment. If there be a conflict in the evidence upon some material issue, or if any substantial error is shown to have been committed, the appellate Court will not disturb the order of the Court below if it set aside the verdict and judgment ; but when nothing of the kind appears in the record to warrant such action, its order will be set aside as unauthorized.

In support of the order granting a new trial in this case, it is

argued on behalf of respondent : First—That the evidence showed a sufficient delivery of the grain to the plaintiff to make his title good as against the creditors of Robinson, and, Second—That as the attaching creditors of Robinson knew of the sale to Lawrence prior to their attachment, the sale was good as against them. These being the only propositions discussed in the Court, our considerations will be confined to them.

" Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery followed by an actual and continued change of possession of the things sold or assigned, shall be conclusive evidence of fraud as against the creditors of the vendor, or the creditors of the person making such assignments, or subsequent purchasers in good faith." (Laws of 1861, p. 20, Sec. 64.)

This being the law, it becomes necessary to ascertain whether there was " an immediate delivery of the grain in question, followed by an actual and continued change of possession. We think there was not. The testimony of the plaintiff even does not in any material respect conflict with the facts as they have been stated, but rather supports them. How, then, was the delivery made ? There was certainly no tradition of the property ; no change was made from one bin to another or from one barn to another, but it remained precisely as it was when belonging to Robinson. There was no visible change—nothing in its position or condition to indicate to the world that a change had taken place in the title or right to it ; no act of ownership had been exercised over it by the plaintiff. Had the grain been moved from the barn where it had been kept to some other exclusively occupied by the plaintiff, or had it been put with the defendant's own grain, or had Robinson surrendered all control and possession to the barn where it was kept, and delivered up his key to it, perhaps the delivery might be deemed sufficient ; but nothing of the kind was done. Everything continued after the sale as it was before. The grain remained in the same bins. Robinson kept a key to the barn, and his horses remained in a division of it, where they had always been kept. Indeed, nothing was done to consummate a delivery except that

the parties went to the barn, and Robinson stated to a third person that he had sold the grain to the plaintiff. That constituted no delivery of the property. (*Doake* v. *Brubaker*, 1 Nev. 218.)

But, it is argued, the possession and ownership of the premises upon which the grain was kept made a further delivery of the grain unnecessary. If the plaintiff had the exclusive possession of the real estate, or even the barn in which the grain was kept, perhaps no further delivery would have been necessary. He, however, had neither. Robinson appears to have been as much in possession of the premises at the time of the levy by the Sheriff as he ever had been prior thereto. He continued to occupy the house as he had done before, except one room, and had a key to the very barn in which this property was kept. Indeed, there appears to have been no change in the relation of things at the time the property was seized ; and the only act of ownership which the plaintiff is shown to have exercised over the premises, was to collect the charge for the pasturage of cattle upon the ranch. It is true the agreement by which Robinson took possession of the premises appears to have expired on the first day of October, but he continued in possession, and that, too, by the permission of the plaintiff, and so became a tenant at sufferance, as he was before that a tenant for a term. He appears to have had as complete control of the barn in which this grain was kept as he ever had. How, then, can it be claimed that Lawrence had such possession of the premises as to make any further act of delivery of the grain unnecessary ? It must be conceded that Robinson had control of the bins in which his grain was kept before he sold it to the plaintiff. Is there anything to indicate that he had not the same control afterwards—that he could not have removed the grain, sold and used the bins for his own purposes ? Certainly not. We conclude that there was no such delivery or change of possession as to make the sale valid as against the claims of attaching creditors, and hence that the grain was properly taken as the property of Robinson.

As to the hay there is no doubt whatever but it was the Sheriff's duty to take it into his possession. As the agreement between Robinson and Lawrence is not fully given in the record, we are not able to determine whether the hay, before the division, was common

property, or whether it should be treated as the exclusive property of Robinson. We are inclined, however, to believe from what we can gather of the nature of that agreement, that the parties were tenants in common of the products before division. (See *Putnam* v. *Wise*, 1 Hill, 234.) In either case the Sheriff had a right to take the entire property into his possession, although if it were common property he had no right to sell anything but the interest of the person against whom the writ was issued. (*Walsh* v. *Adams*, 3 Denio, 125; *Waddell* v. *Cook*, 2 Hill, 47.) There is evidence in the record in this case from which it appears that the Sheriff sold the interest of both parties in the hay upon the execution which subsequently issued against Robinson. That, however, was done long after this action was brought, and hence it is a matter which cannot enter into the consideration of this case. The only question which can be determined here is whether he had the right to seize and take into his possession all of the hay. As Robinson had an interest in it until the division, and the Sheriff had no right to divide it, he was compelled to take the whole into his possession. Replevin cannot therefore be maintained against him by the plaintiff. If the plaintiff had an interest in the hay, and the Sheriff sold it, he has his remedy; but not in this action, for it was brought before the sale took place, and furthermore, the pleading would not admit of a recovery for any such act done by the officer.

Upon the second proposition argued by counsel we only deem it necessary to say that the statute makes the want of delivery " *conclusive evidence of fraud.*" No Court has the right to say that the want of delivery shall not be so where the creditor has knowledge that a sale has been attempted by the debtor. Whether the attaching creditor knew the fact or not is a matter of no consequence. The law only requires him to show that no delivery accompanied the sale. When that is done his proof is *conclusive* that the sale was fraudulent as to him, and no evidence of an honest purpose or fair intention upon the part of the vendor and vendee, or the knowledge by the creditor of the fact that a sale had taken place, can overcome the conclusive evidence of fraud which the want of delivery establishes.

The order granting a new trial must be set aside, and it is so ordered.