(March 8, 1886.)

## PECOTTE v. OLIVER.

[10 Pac. 302.]

PROPERTY HELD UNDER WRIT OF ATTACHMENT—EXECUTION ON JUDGMENT—TO WHOM SHOULD ISSUE.—The officer who seized goods under a writ of attachment, and holds the same, is the proper officer to whom the execution on the judgment in the attachment suit should issue.

SAME—ISSUED TO WRONG OFFICER—EXECUTION AMENDABLE.—Where a constable attached and held goods, and the execution was directed to the sheriff, but delivered to the constable, who served the same, *held*, the execution not void but amendable.

SUIT AGAINST CONSTABLE—EXECUTION PROPER EVIDENCE.—Where constable was sued for value of goods seized, *held*, execution proper evidence in his defense, and error in court to exclude the same.

APPEAL from District Court, Alturas County.

F. E. Ensign, for Appellant.

When a writ is directed to an improper officer, but executed by a proper officer, the error in the direction does not vitiate the writ, and may be cured by amendment. (*Walden v. David-*

*son,* 15 Wend. 578; *Hearsey v. Bradbury,* 9 Mass. 95; *Rollins v. Rich,* 27 Me. 557; *Campbell v. Stiles,* 9 Mass. 217; *Bronson v. Earl,* 17 Johns. 63.) A writ of execution directed to the sheriff, but handed to a constable and executed by him, is valid. (*Blanchard v. Waters,* 10 Met. (Mass.) 185; *Lyon v. Fish,* 20 Ohio, 104.)

Kingsbury & McGowan, for Respondent.

Defendant offered in evidence an execution from the probate court of Alturas county, directed to the sheriff of Alturas county. On plaintiff's objection the execution was excluded. Defendant also objects to some of the charges. Plaintiff recovered judgment. Defendant appeals. 1. There was no error in overruling the demurrer. In the states, the United States bankrupt laws suspends state insolvency laws. (*Sturges v. Crownishield,* 4 Wheat. 122; Burrill on Assignment, 547.) The execution was properly excluded. (Freeman on Executions, 99, 100; 6 Wall. (U. S.) 556; 20 Kan. 264; 81 Ill. 34; 15 Wend. 578; 9 Mass. 95, 217; 11 Mass. 276; 2 Mass. 136; 17 Johns. 63; 10 Met. (Mass.) 185; 4 Colo. 190.)

HAYS, C. J.—The appellant was an acting constable of Hailey precinct, Alturas county, and on the twentieth day of June, 1883, a warrant of attachment was duly placed in his hands for service in an action against one Charles E. Bolton. It was duly served by him seizing and holding certain property of Bolton's. Afterward judgment was duly entered against said Bolton and an execution issued thereon, and directed "to the sheriff of Alturas county." The execution was delivered to defendant, in virtue of which he sold the attached property. Soon after the attachment Bolton assigned his estate to this plaintiff, who brought his suit against this defendant for the value of the goods theretofore seized. Defendant sought to justify by showing the goods were seized by him as constable under attachment proceedings against Bolton, and afterward sold upon the execution issued upon the judgment obtained in the attachment suit. When the defendant offered the execution in evidence plaintiff objected because it was not directed to B. F. Oliver, or to any constable, but was directed to "the sheriff of Alturas county." The court sustained the objection, and de-

fendant duly excepted. The court also refused to permit defendant to show anything done by him as constable under the writ; all of which was duly excepted to.

It is conceded that the defendant was the officer who had served the attachment process, and that he held the property by virtue of that writ. It therefore follows, as matter of law, that he was the proper officer to whom the execution which sought to reach said attached property should issue, as he was the proper officer to make the sale. (Freeman on Executions, 62; *Clark v. Sawyer,* 48 Cal. 133.) Since all the property in dispute was that held under the attachment, the direction of the execution must therefore be treated as a direction to an improper officer, as it clearly was, so far as the subject matter of this action is concerned. The rule is laid down by Freeman on Executions, section 65: "Where a writ is directed to an improper officer, but executed by the proper officer, the error in the direction does not vitiate the writ, and may be cured by amendment." This position is abundantly sustained by the authorities. (Waples on Attachments, 141; *Hearsey v. Bradbury,* 9 Mass. 95; *Campbell v. Stiles,* 9 Mass. 217; *Lyon v. Fish,* 20 Ohio, 105; *Bank v. Franklin,* 20 Kan. 264; *Walden v. Davison,* 15 Wend. 575; *Hibberd v. Smith,* 50 Cal. 519.) It follows that the execution was not void, and the irregularity might have been cured.

Doubtless the better practice in such cases is to apply to the court from which the writ issues to amend the same. Such court would have the right, and it would be its duty, to correct the same; in this case, by directing it to the officer to whom it was doubtless intended to be given for service. But as this execution was amendable, and not void, we think the court erred in sustaining the plaintiff's objection. For the same reason we think the court erred in refusing to permit defendant to show delivery of execution to him. For these reasons we think the judgment should be reversed, and a new trial ordered.

Judgment reversed and cause remanded for further proceeding in accordance with this opinion.

Buck, J., concurring; Broderick, J., expresses no opinion.