(December 18, 1891.)

## HARKNESS v. SMITH, SHERIFF.

[28 Pac. 423.]

STATUTE OF FRAUDS—SALE OF PERSONAL PROPERTY WITHOUT CHANGE OF POSSESSION—SALE VOID AS TO CREDITORS.—The statutes of Idaho make all sales of personal property in the possession of the vendor, except things in action, unaccompanied by immediate delivery and followed by an actual and continued change of possession, void as to subsequent purchasers, creditors, etc. G., being largely indebted, sold a stock of merchandise to H., one of his principal creditors, and who held a chattel mortgage upon the stock of merchandise owned by G. as security. The sale was made at the residence of H., twenty-five miles from the place where the merchandise was. No invoice was taken, no inspection or examination of the stock, no change in the clerical force, nor in the conduct or management of the business. G. continued to conduct the business as before, except that he added the abbreviation "Mgr." when signing letters, check, etc. Held, there was no such immediate delivery and actual and continued change of possession as the statute requires, and the sale was void as to creditors.

ATTACHING CREDITOR KNOWING OF PRETENDED SALE DOES NOT AFFECT HIS RIGHTS.—The fact that the attaching creditor knew of the pretended sale of G. to H., and continued to deal with G. as "Mgr.," is of no moment, and cannot be urged to prevent the operation of the statute.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Smith & Smith, for Appellant.

Delivery must be made of the property. The vendee must .take the actual possession, and that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. (*Norton v. Doolittle,* 32 Conn. 405; *Stevens v. Irwin,* 15 Cal. 503, 76 Am. Dec. 500; *Godchaux v. Mulford,* 26 Cal. 316, 85 Am. Dec. 178; *Wright v. McCormick,* 67 Mo. 426; *Lawrence v. Burnham,* 4 Nev. 361, 97 Am. Dec. 540; *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809; *Grum v. Barney,* 55 Cal. 254; *Dean v. Walkenhorst,* 64 Cal. 78, 28 Pac. 60; *Bell v. McClellan,* 67 Cal. 283, 7 Pac. 699; *Hesthal v. Myles,* 53 Cal. 623; *Woods v. Bugbey,* 29 Cal. 466; *Hull v. Sigsworth,* 48 Conn. 258, 40 Am. Rep. 167; *Perrin v. Reed,* 35. Vt. 2.)

Hawley & Reeves, for Respondent.

As plaintiff assumed control, and ordered goods from the party beneficially interested, who had full knowledge of the transaction, such possession was amply sufficient under the rule. (*Cook v. Mann,* 6 Colo. 21; *Gray v. Sullivan,* 10 Nev. 416; *Billingsley v. White,* 59 Pa. St. 464; *Godchaux v. Mulford,* 26 Cal. 316, 85 Am. Dec. 178.)

HUSTON, J.—Plaintiff brought action of claim and delivery for the recovery of possession of a stock of merchandise alleged to have been wrongfully taken and unlawfully detained by defendant. Defendant was sheriff of Bingham county, and under and by virtue of a certain writ of attachment, issued out of the district court for Bingham county, in the suit of *F. J. Keisel & Co. v. P. Gallagher,* levied upon and seized a certain stock of merchandise in the town of Pocatello, in said county, as the property of said P. Gallagher. The answer of defendant is a general and specific denial of all the allegations of the complaint, except the taking. The evidence establishes the following facts: On the twenty-first day of November, 1890, one P. Gallagher was, and for some months prior thereto had been, engaged in a general merchandise business in the town of Pocatello, Bingham

county, Idaho. It appears by his own testimony that at the time he entered into the business he had about $3,000 invested therein; that shortly after, for the purpose of erecting a store building, he borrowed $2,000. He also testifies that his monthly profits from the time he started in business in March, 1890, to the time of his alleged sale to plaintiff on November 21, 1890, were about $300 per month. The plaintiff is a ranch and stock man and capitalist, residing at McCammon, about twenty-five miles from Pocatello. On November 21, 1890, Gallagher goes to McCammon, to the residence of plaintiff, and there makes a sale of his said stock of merchandise to plaintiff, who at that time held a mortgage of $4,000 on said stock of merchandise. The price alleged to have been paid by plaintiff was $7,240. This included the store building. After deducting the amount of his chattel mortgage plaintiff says he paid the balance of $3,240 to Gallagher in his checks, which were paid. On the morning following the sale plaintiff and Gallagher went to Pocatello. The clerical force in the store at that time consisted of a man by the name of Smith, and the son and daughter of Gallagher. Harkness (plaintiff) said to Smith when he first went into the store, on the day after the alleged sale by Gallagher to him, "Will you work for me for the same salary Gallagher has been paying you?" and Smith said he would. No invoice was taken, no change was made in the *personnel* of the establishment, no sign was changed. Gallagher continued in charge of the business as theretofore. The clerical force was the same, two of the employees being members of Gallagher's family. Gallagher continued to buy and order goods as before the alleged sale, except that the letter-heads were in the name of "H. O. Harkness," and Gallagher signed all letters, checks, etc., "P. Gallagher, Mgr.," and this continued to be the condition of affairs up to the time of the levy of the attachment by defendant on February 25, 1891. The case was tried by the court with a jury, and verdict rendered for the plaintiff for return of property and $125 damages. Upon said verdict judgment was entered. Motion for new trial was made and overruled. From the judgment and order denying motion for new trial defendant appeals.

The first assigment of error by the appellant is that the evidence is insufficient to justify the verdict. This point, we think, is well taken. The statutes of Idaho (Rev. Stats., sec. 3021) are as follows: "Every transfer of personal property other than a thing in action, and every lien thereon other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred to be fraudulent and therefore void against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer." It is not enough that there is an actual delivery and an actual change of possession as between vendor and vendee, so long as the property, without legal excuse, is so placed back into the same condition and the same apparent relation to the vendor that there is no such manifest and continued change of possession as would indicate to the world that there has been a change of title. (*Norton v. Doolittle,* 32 Conn. 405; *Lawrence v. Burnham,* 4 Nev. 361, 97 Am. Dec. 540; *Wright v. McCormick,* 67 Mo. 426; *Dean v. Walkenhorst,* 64 Cal. 78, 28 Pac. 60; *Godchaux v. Mulford,* 26 Cal. 316, 85 Am. Dec. 178; *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809.) The evidence fails entirely to show "either an immediate delivery 'or' an actual and continued change of possession."

The second assigment of error is "that the verdict is against law, for the reason that the jury entirely disregarded the instruction of the court." The court instructed the jury as follows: "The court instructs the jury that every transfer of personal property other than a thing in action is conclusively presumed, if made by a person having at the time the possession or control of property, and not accompanied by the immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void against those who are his creditors, while he remains in possession." This is copied from the statute. The evidence on the part of the plaintiff shows that the case is clearly within the

statute. There was never either "delivery" or "change of possession," as those terms are used in the statute, and have been repeatedly construed by the courts. We think this assignment of error is well taken.

The third assignment of error is predicated upon the allowance by the court, over objection of defendant, of the following question by plaintiff to witness P. Gallagher: "What knowledge, do you know, if any, did F. J. Keisel & Co. have of this change of possession or change of ownership in that store?" This was error, and it, was, we think, the error which caused the jury to render the verdict they did in this case. The plaintiff was permitted by the court to show that Keisel & Co., plaintiffs in the attachment suit, knew or were advised of the change through the alleged sale of November 21, 1890, and that they continued to deal with plaintiff through P. Gallagher, manager. This evidence was improperly admitted. Whether Keisel & Co. or any other creditors of Gallagher knew or did not know of his pretended transfer to plaintiff, could in no way change the provisions of the statute, and the admission of evidence to establish such fact was error. The mistake which counsel for respondent makes is in confounding the provisions of section 3020 of the Revised Statutes with those of section 3021. These two sections present distinct propositions. Under the first section great latitude of inquiry is permissible. Any facts which tend to prove that the transfer was made "with intent to delay or defraud any creditor or other person of his demands" are pertinent and proper. Under section 3021 the sole inquiry is, Was there an "immediate delivery, followed by an actual and continued change of possession"? No question of intent, *bona fides,* or notice cuts any figure in such case. (*Lawrence v. Burnham,* 4 Nev. 361; 97 Am. Dec. 540; *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809.)

The fourth to eighth assignments of error are as to the refusal of the court to give certain instructions asked by the defendant. As to the first, we think the instruction was proper, but it was given in substance by the court in its instructions upon its own motion. The second instruction asked by defendant and refused by the court, or that marked "B," was a peremptory instruction to the jury to render a verdict for the defendant.

While we think that the evidence, by a large preponderance, brought the case within the provision of section 3021, still we are not prepared to say, under all the circumstances of this case, that the court erred in refusing a peremptory instruction in behalf of defendant. The third instruction asked by defendant and refused by the court was as follows: "The jury are instructed that, although they may find Keisel & Co. knew of the sale of the store to Harkness, still defendant is entitled to recover if the jury find that there was not an actual and continued change of possession of the store." There was no error in refusing this instruction. There was no store or the possession of a store involved in this case. We think instruction "D" was virtually covered by the instructions given by the court. If the refusal to give instruction marked "E" was based upon the wording of it, there was no error in refusing it. It is as follows: "The jury are instructed that if they find that Gallagher was largely indebted to various parties, and that Harkness knew this," etc. The jury can only find facts from the evidence, and an instruction which even inferentially gives them a wider range of inquiry is properly refused. We think the law as given by the court was correct as far as it went, but, as is not infrequently the case in this country, the jury paid but little heed to the instructions of the court. The motion for a new trial should have been granted. The judgment and order of the district court are reversed, and the cause remanded, with instructions to the district court to grant a new trial; costs to appellant.

Sullivan, C. J., and Morgan, J., concur.