(November. 13, 1897.)

## HALLETT v. PARRISH.

[51 Pac. 109.]

UNLAWFUL TRANSFERS.—Where L. sold a quantity of wheat to H., and M., on September 3, 1895, no delivery thereof having been made, nor any change of possession, and on the 23d of the same month defendant levied an execution against L. upon said wheat; *held*, that the sale to H. and M. was void as to creditors under the provisions of section 3021 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, and Burleigh & Green, for Appellants.

Make no argument nor cite any authorities upon the point decided by the court.

S. S. Denning and George W. Coutts, for Respondent.

Where the contract is for the sale of unascertained goods the contract is executory, and no property is thereby trans-

ferred. Where the goods which are the subject matter of a contract of sale are part of a specific stock from which they have not been separated, no property passes until separation. (Tiffney on Sales, p. 94; *Adams v. Gorham,* 6 Cal. 68; *Horr v. Baker,* 6 Cal. 489; S. C., 8 Cal. 603; S. C., 11 Cal. 393, 70 Am. Dec. 791; *McLaughlin v. Piatti,* 27 Cal. 452; *Eglee Cotton Cases,* 22 Wall. (U. S.) 180; *Rosenthal v. Kahn,* 19 Or. 571, 24 Pac. 989; *North Pacific etc. Co. v. Kerron,* 5 Wash. 214, 31 Pac. 595; *Meeker v. Johnson,* 3 Wash. 247, 28 Pac. 542.) In executed contracts the title passes to the buyer; in unexecuted contracts the title remains in the seller. (*Eglee Cotton Cases,* 22 Wall. (U. S.) 180; *Knox v. Payne,* 13 La. Ann. 361; *Mason v. Thompson,* 18 Pick. (Mass.) 305; *Lingham v. Eggleston,* 27 Mich. 324; *Cunningham v. Ashbrock,* 20 Mo. 553; *Hurff v. Hires,* 40 N. J. L. 581, 29 Am. Rep. 282; and other cases cited in 21 Am. & Eng. Ency. of Law, 477, note 1.) In the order granting a new trial no specific grounds are alleged, and therefore we take it to be under the ruling as laid down in *Curtiss v. Starr,* 85 Cal. 376, 24 Pac. 806; *Sherman v. Mitchell,* 46 Cal. 577; *Jacksha v. Gilbert,* 4 Idaho, 738, 44 Pac. 555. Where goods are purchased out of a certain bulk or mass, and there is no assessment or appropriation of the specific goods sold, or that anything remains to be done to the property purchased, such as weighing, selecting or counting, that the contract then, under these circumstances, is executory and not an executed contract. This is the rule of California, Oregon, Washington and nearly all the Pacific states. (*Eglee Cotton Cases,* 22 Wall. 180, 21 Am. & Eng. Ency of Law, p. 485; *Hubler v. Gaston,* 9 Or. 66, 42 Am. Rep. 794.)

HUSTON, J.—This is an appeal from an order granting a new trial. On the third day of September, 1895, the plaintiffs, being partners under the firm name of Hallett & Morrison, purchased of one C. J. Landon "seven thousand bushels of O. K., No. 1, marketable wheat, to be delivered at top of tramway on or before sixty days; loss or damage by fire to be carried by the party of the first part." This sale was evidenced by an instrument in writing signed by C. J. Landon, attested

with his seal, witnessed by Fred W. Hallett, one of the plaintiffs, and acknowledged before him as notary. On the 23d of September, 1895, the defendant, as constable, levied an execution (issued by a justice of the peace of said county upon a judgment against said C. J. Landon) upon, and seized, eight hundred sacks of wheat upon the premises, and in the possession of said C. J. Landon. Plaintiffs brought an action to recover the wheat so levied upon by defendant, or its value. The case was tried by a jury, and verdict and judgment rendered in favor of the plaintiffs. Defendant moved for a new trial, which motion was granted by the district court. From the order of the district court granting a new trial, this appeal is taken.

The transcript in this case is quite voluminous, and very many errors in the admission of testimony are alleged; but, in the view we take of the case, it will be unnecessary to review them. We think our statutes, and the repeated decisions of this court thereon, are conclusive. (*Harkness v. Smith*, 3 Idaho, 221, 28 Pac. 423.) Section 3021 of the Revised Statutes of Idaho provides: "Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void against those who are his creditors while he remains in possession, and the successors in interest, of such creditors, and against purchasers or encumbrancers in good faith subsequent to the transfer." The sale of the wheat by Landon to plaintiffs in this case is claimed to have been made September 3, 1895. The levy of execution by defendant was on September 23, 1895, twenty days after the time of the alleged sale, and the wheat was still in the possession of Landon. We can scarcely imagine a case more clearly within the statute. Conceding the written contract to have been made at the time it purports to have been, to wit, on the 3d of May, 1895 (although upon this there is some doubt thrown), still it was but an executory contract. There was no delivery, nor any attempt

at delivery, at that time, nor for quite a period thereafter; and at the time defendant levied the execution it is claimed that no more than four thousand five hundred bushels of wheat had been delivered, and only one-half of the agreed consideration paid. The evidence showing conclusively that there had been no delivery at the time of the sale by Landon to the plaintiffs of the wheat sued for in this action, nor any "actual or continued change of possession thereof," the court should have directed a verdict for the defendant. The order appealed from is affirmed, with costs. The cause is remanded to the district court, to proceed in accordance with this decision.

Sullivan, C. J., and Quarles, J., concur.