(May 8, 1899.)

## COOMBS v. COLLINS.

[57 Pac. 310.]

PROBATE COURT — EXECUTION — SERVICE BY CONSTABLE.—In certain cases a constable may execute and return an execution issued out of a probate court and may justify under it, if it is valid on its face. Under the provisions of section 3021 of the Revised Statutes, the transfer of the personal property described in the complaint was void as against the creditors of the seller thereof. Under the facts of the case no demand was necessary before beginning this action.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Clay McNamee and Forney, Smith & Moore, for Appellant.

The complaint shows an attempted sale of personal property without a change of possession, and is, therefore, absolutely fraudulent and void. (Idaho Rev. Stats., sec. 3021; *Harkness v. Smith,* 5 Idaho, 321, 28 Pac. 423, construing said section; *Lawrence v. Burnham,* 4 Nev. 361, 97 Am. Dec. 540; *Hallett v. Parrish,* 5 Idaho, 496, 51 Pac. 109.) Whatever may be the general rule, it is well settled that in such a case as this a demand is absolutely necessary to the maintenance of plaintiff's cause. (*Dunn v. Choate,* 4 Tex. 14 (19); *Calvit v. Cloud,* 14 Tex. 53.) Even if this case be treated as a conversion, demand under the circumstances set out in the complaint is necessary. (*Pitlock v. Wells-Fargo Co.,* 109 Mass. 452 (456-457; *Mulhisen v. Lane,* 82 Ill. 177; *Pierce v. Langdon,* 3 Idaho, 141, 28 Pac. 401 (claim and delivery).) There is no allegation in the complaint that at the time of the commencement of the action plaintiff was entitled to the immediate possession of the chattels. (*Fredericks v. Tracy,* 98 Cal. 658, 33 Pac. 750; *Gaynor v. Blewitt,* 69 Wis. 582, 34 N. W. 726; *Holly v. Heiskell,* 112 Cal. 174, 44 Pac. 466; *Pierce v. Langdon,* 3 Idaho, 141, 28 Pac. 401.) The lower court sustained a demurrer to the defense, holding that a constable cannot enforce an execution issued out of a probate court. The following sections of our statute not only confer the right, but make it

imperative that he do so; Constable must execute, serve and return process (Idaho Rev. Stats., sec. 2090) ; he is governed by the same laws as the sheriff, (Idaho Rev. Stats., sec. 2091.) The probate court is "competent authority" to issue an execution addressed to a constable. (Idaho Rev. Stats., sec. 4742.) "Executions issued out of probate courts in this state must run to the sheriff or to a constable of the county." (Rev. Stats., sec. 4742.) "An execution is a process." (Idaho Rev. Stats., sec. 16, subd. 6, sec. 1870; *People v. Nash,* 1 Idaho, 206.) The supreme court of this state has expressly held that a constable may justify under a writ of execution issued to him. (*Pecotte v. Oliver,* 2 Idaho, 251, 10 Pac. 302; *Hallett v. Parish,* 5 Idaho, 496, 51 Pac. 109.) The answer specifically denies the ownership of the property, denies right of possession in plaintiff, denies the damages, denies the values, denies the taking, and denies the detention. Under the denial of ownership, defendant was entitled to prove ownership in a third person. (*Lindsay v. Watt,* 1 Idaho, 738.) Notwithstanding these specific denials, the court gave judgment on the pleadings. These denials are not negatives pregnant. Pleadings, under the reform procedure, should be liberally construed. (Idaho Rev. Stats., secs. 4, 4207, 4231; Pomeroy's Code Remedies, secs. 545-547; *Cantwell v. McPherson,* 3 Idaho, 721, 34 Pac. 1095.) This rule, applied to the denials, affirmatively shows that each every and all of the material allegations of the complaint are denied. But the court gave judgment on the pleadings. This, of course, is reversible error. (*Aulspaugh v. Reid,* ante, p. 223, 55 Pac. 300; 11 Ency. of Pl. & Pr., p. 865, point 7; Idaho Rev. Stats., sec. 4369.)

S. S. Denning and Warren Truitt, for Respondent.

If the sheriff seizes the property of one not the defendant, no demand is necessary prior to the commencement of the action. (*Ledley v. Hayes,* 1 Cal. 160; *Sargent v. Strong,* 23 Cal. 159; *Boulware v. Craddick,* 30 Cal. 190; *Wellman v. English,* 38 Cal. 583; *Shannon v. Nunan,* 63 Cal. 234; *Kane v. Desmond,* 63 Cal. 464; *Black v. Clasby,* 97 Cal. 482, 32 Pac. 564.)

SULLIVAN, J.—This is an action for the wrongful taking and detention of certain personal property. It appears from

the transcript that a judgment was entered in the probate court of Latah county against C. A. Christopher, and in favor of C. A. Burror, for the sum of $260.40, and execution was issued thereon, directed to the sheriff or any constable of said county, commanding them to make said judgment and costs out of the property of said Christopher. The execution was placed in the hands of J. R. Collins, the defendant herein, who was a qualified and acting constable of Juliaetta precinct, in said Latah county, for service. Said constable thereafter levied the same, as shown by his return, on one hundred and twenty-seven sacks of wheat, seventeen sacks of beans, four hundred fir posts, and four tons of hay, which property was thereafter sold by him, and the proceeds applied on said judgment. It also appears that said property, when the execution was levied thereon, was on the ranch of said defendant, Christopher, and in the immediate possession of one Luke Hale, the tenant of said Christopher, and was rent originally owing from said Hale to said Christopher. It is also alleged in the complaint that said Christopher assigned to the plaintiff said personal property on the twenty-fourth day of April, 1897, and left the same in the possession of said Hale, on the ranch of said Christopher, where it had been prior to said assignment. In regard to the time when the plaintiff was entitled to the possession of said property, the complaint alleges as follows: "That before this action, to wit, on the second day of October, 1897, the time which the said Luke Hale was to safely hold the said goods had expired, and thereupon the plaintiff became entitled to the immediate and exclusive possession of the said goods and chattels." It appears from said allegation that this plaintiff was not entitled to the possession of said property until the second day of October, 1897. The execution was levied thereon on the first day of October, 1897, one day before the plaintiff was entitled to the possession thereof, according to said allegation of his complaint. However, the defendant answered, and denied specifically each allegation of the complaint. While the denials are faulty, and not in the best form, yet we think them sufficient to put in issue the material allegations of the complaint. As an affirmative defense, the answer sets up that the defendant was, at the

time of taking said property, a duly elected, qualified, and acting constable of Juliaetta precinct, in said Latah county; that an execution was duly issued out of the probate court of said Latah county, on a judgment duly entered by said court, against said Christopher, and placed in his hands as such constable, for service; that he levied upon said property as the property of said defendant, setting forth fully what he did under said writ of execution. The plaintiff demurred as follows: "Comes now plaintiff herein, and demurs to the separate defense in the defendant's answer herein filed, for the reason that the same does not constitute a defense or a sufficient justification to the matters alleged in the complaint"—which demurrer was sustained by the court. The cause coming on for trial, a jury was impaneled to try the cause. Immediately thereafter counsel for plaintiff moved for judgment on the pleadings, on the ground that there was no issue tendered by the answer, which motion was sustained by the court. Thereupon the court instructed the jury to bring in a verdict in accordance with the prayer of the complaint, which was done, and judgment, in accordance with said verdict, was duly entered, to all of which counsel for defendant duly excepted. This appeal is from the judgment, and presented on the judgment-roll, which contains a bill of exceptions.

Four errors are assigned. The first is to the effect that the court erred in sustaining the demurrer of plaintiff. The trial court sustained said demurrer, on the ground that a constable cannot execute a writ of execution issued out of a probate court. Under section 1882 of the Revised Statutes, a ministerial officer may justify in the execution of process regular on its face, and issued by competent authority. (See, also, *Pecotte v. Oliver,* 2 Idaho, 251, 10 Pac. 302; *Roth v. Duvall,* 1 Idaho, 149; *Hallett v. Parrish,* 5 Idaho, 496, 51 Pac. 109.) Under section 2090 of the Revised Statutes, constables must execute, serve, and return process, and are governed by the same laws as the sheriff. (Rev. Stats., sec. 2091.) Under section 4742 of the Revised Statutes, the probate court is authorized to issue an execution addressed to a constable. Said section declares that executions issued out of probate courts of this state must run to

the sheriff or to a constable of the county. Probate courts have jurisdiction "to hear and determine all civil causes wherein the damages or debt claimed does not exceed the sum of $500, exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases." (Rev. Stats., sec. 3841, subd. 9.) Justices of the peace have jurisdiction to hear and determine all civil cases wherein the sum claimed does not exceed $300. (Rev. Stats., sec. 3157, subsec. 1.) Probate courts and justices' courts have concurrent jurisdiction in civil cases wherein the damages or debt claimed does not exceed $300. The judgment on which said execution was issued was for the sum of $206.40. It was a case in which the probate court and a justice of the peace had concurrent jurisdiction, and there is no question in the mind of this court but that a constable has full and complete authority to execute process from a probate court in such cases. That being true, the court erred in sustaining said demurrer.

The second error assigned is that the court erred in sustaining the motion for judgment on the pleadings. The decision of the motion last above referred to virtually sustains the counsel for appellant in the error now under consideration. If the defendant's separate defense was a valid one, the plaintiff was not entitled to judgment on the pleadings. Nor do we think he was entitled to judgment on the pleadings under the specific denials contained in the answer. The material allegations of the complaint were denied by the answer. When that condition exists, the court is not authorized to enter judgment on the pleadings. Evidence must be heard in order to determine the facts in issue. In the case at bar, the plaintiff demands damages in the sum of fifty dollars. The defendant denies the allegation for damages. The court erred in entering judgment for damages without hearing any testimony upon that issue.

The decision of the second assigned error disposes of the third and fourth assignments in favor of the appellant.

It is contended that the complaint shows an attempted sale of personal property without a change of possession, and is therefore fraudulent and void, under the provisions of section 3021 of the Revised Statutes. (*Harkness v. Smith*, 3 Idaho, 321, 28 Pac. 423; *Hallett v. Parrish*, 5 Idaho, 496, 51 Pac.

109; *Lawrence v. Burnham,* 4 Nev. 361, 97 Am. Dec. 540.)
Plaintiff sues for the value of certain personal property alleged to have been wrongfully taken and detained by the defendant. It is shown that the property in controversy was for rent due from one Luke Hale to one Christopher for the rental of said Christopher's ranch, which property Hale held for Christopher. Said Christopher assigned the same to the plaintiff on the twenty-fourth day of April, 1897, and left it just where it was before, and at the time of said assignment, to wit, on the ranch of Christopher, in the possession of Hale, Christopher's tenant. It is further shown that said Hale was to hold and keep said property until the second day of October, 1897, at which time the plaintiff became entitled to the immediate and exclusive possession of the same. On the first day of October, 1897, one day before the plaintiff became entitled to the "immediate and exclusive possession of said goods," as shown by the sixth paragraph of the complaint, the defendant levied said execution upon said property, as property of said Christopher. We do not think the transfer of said property from Christopher to the respondent, as shown by the record, was accompanied by such immediate delivery, and followed by an actual and continued change of possession of said property, as contemplated by the provisions of said section 3021 of the Revised Statutes. The case of *Mosgrove v. Harris,* 94 Cal. 162, 29 Pac. 490, is a case like the one at bar. In that case it is held that a sale of hogs on a ranch, in the possession and occupancy of the seller, is not accompanied by such an immediate delivery, and actual and continued change of possession, as required by the statute, if, after the sale, they are allowed to remain upon the ranch in charge of the same persons who had charge of them before the sale, although such persons were requested, after the sale, to take charge of them for the buyer, and consented to do so.

It is contended by appellant that said complaint is insufficient, because it does not allege a demand for the return of said property before this action was commenced. There is nothing in this contention. This is not a suit for recovery of certain specific property. It is an action in tort, and the record

shows .that said property had passed out of the possession of defendant, and that a demand would have been utterly useless. In such cases, no demand is necessary. (Cooley on Torts, 2d ed., 530.) The judgment must be reversed, and the cause remanded; and it is so ordered. Costs of appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.