(July 20, 1921.)

D. E. BROWN and J. M. BROWN, Doing Business as HARRISON MERCANTILE COMPANY, and ROBERT A. RAY, Respondents, v. FRED HERRICK, Trading as EXPORT LUMBER COMPANY, Appellant.

[200 Pac. 117.]

EXECUTORY CONTRACT TO SELL — PROPERTY — DELIVERY OF — SPECIFIED PLACE—PASSING OF TITLE—QUESTION OF LAW—POSSESSION BY VENDOR AFTER SALE—VOID SALE.

1. Where a contract to sell, the terms of which are undisputed, is silent as to when title shall pass, the question is usually one of law.

2. Where a contract to sell requires the seller to deliver the property to a particular place, title does not pass until such delivery has been made.

3. Under the provisions of C. S., sec. 5434, an alleged sale of personal property, not accompanied by immediate delivery and

followed by actual and continued change of possession, is conclusively presumed to be fraudulent and void as against creditors of the vendor.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to recover balance due upon an open account. Judgment for plaintiffs and dismissing complaint in intervention. *Affirmed.*

E. N. La Veine and Frank L. Moore, for Appellant.

The question of transfer to and vesting of title in the purchaser always involves a question of the intentions of the contracting parties; and it is to be ascertained whether their negotiations and acts are evidence of an intention on the part of the seller to relinquish all former claim or control as owner, and on the part of the buyer, to assume such control with the consequent liabilities. (*Bethel Steam Mill Co. v. Brown,* 57 Me. 9, 99 Am. Dec. 752.)

In a lumbering district like this, under the authorities, the court should judicially recognize the passing of the title by log marks. It has existed long enough to assume a regular form of dealing, and its ordinary course and usages are now publicly known and understood. (*Hagins v. Combs,* 102 Ky. 165, 43 S. W. 222; *Kentucky Motor Car Co. v. Darenkamp,* 162 Ky. 219, 172 S. W. 524.)

A *prima facie* case of ownership and title to logs is made out by evidence that the brand they bear is the brand of the claimant, even though the brand has not been recorded in accordance with the statutory provision. (12 Ency. of Evidence, 512, 513; *Weiler v. Coleman,* 71 Pa. 346.)

C. H. Potts, for Respondents.

Where there is a contract for the sale of specific goods, and the seller is bound to do something to the goods for the purpose of putting them into a deliverable state, the prop-

erty does not pass until such thing be done.    (*Day v. Gravel,* 72 Minn. 159, 75 N. W. 1; Benjamin on Sales, par. 6872; *Martin v. Hurlbut,* 9 Minn. 142; *Thompson v. Libby,* 35 Minn. 443, 29 N. W. 150; *Restad v. Engemoen,* 65 Minn. 148, 67 N. W. 1146; *Welter v. Hill,* 65 Minn. 273, 68 N. W. 26; *State v. Meehan,* 92 Minn. 283, 100 N. W. 6; *Strong etc. Co. v. Dinniny,* 175 Pa. St. 586, 34 Atl. 919.)

Unless the purchaser can show such a substantial compliance with terms of the statute as affords visible notice to the community of a change in the ownership of the goods, the transaction constitutes a fraud in law, and as such must be held to be void as to creditors and subsequent purchasers in good faith of the vendor.    (*Harkness v. Smith,* 3 Ida. 221, 28 Pac. 423; *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809; *Harmon v. Morris,* 28 Mo. App. 326; *Elliott v. Keith,* 32 Mo. App. 119; *Williams v. Brown,* 137 Mich. 569, 100 N. W. 786; *Hesthal v. Myles,* 53 Cal. 623; *McKee etc. Bldg. Co. v. Martin,* 126 Cal. 557, 58 Pac. 1044; *Murphy v. Mulgrew,* 102 Cal. 547, 41 Am. St. 200, 36 Pac. 857; *O'Kane v. Wheelan,* 124 Cal. 200, 71 Am. St. 42, 56 Pac. 880; *Stanley v. Robbins,* 36 Vt. 422; *Woods v. Bugbey,* 29 Cal. 466, 479; *Kennedy v. Conroy,* 5 Cal. Unrep. 337, 44 Pac. 795; *Watson v. Rodgers,* 53 Cal. 401; *Ellet etc. Shoe Co. v. Ross,* 28 Okl. 697, 115 Pac. 892; *Israel v. Day,* 41 Colo. 52, 92 Pac. 698; *Helgert v. Stewart,* 20 Colo. App. 202, 77 Pac. 1091.)

BUDGE, J.—This is an action by respondents D. E. Brown and J. M. Brown to recover from respondent Robert A. Ray a balance of $760.63 due on an open account.

The facts so far as material are as follows: That on October 16, 1916, respondent Ray and appellant entered into a written contract by which the former agreed to sell the latter all merchantable timber on his and certain other land,

"Said timber to be delivered in Coeur d'Alene River, into booms furnished by Export Lumber Company, and cut into sawlogs of lengths required by said party of the second part.

"Party of the second part agrees to pay for said logs, when delivered into boom in Coeur d'Alene River, Eight and no/100 ($8.00) Dollars per thousand feet, log scale . . . . " that pursuant to this contract several hundred thousand feet of logs were cut, skidded, scaled, and decked on the Ray homestead at the head of a chute leading to Black Lake; that such logs remained in the possession of Ray; that they were marked "LLC," being appellant's mark, or "()," being respondent Ray's mark, about December 5 to 10, 1916; that an instrument was drawn up and signed by Ray, purporting to assign his mark to appellant on December 2, 1916; that this action was commenced against Ray on December 22, 1916; that on December 27, 1916, appellant made written demand upon the sheriff and plaintiffs for the possession of said logs, whereupon said logs and other property were released, except 200,000 feet of logs which are still held under the attachment.

On February 17, 1917, appellant filed his complaint in intervention, claiming ownership of the logs, and praying for their release. Answer to this complaint having been filed, the cause was tried to the court without a jury, and the court found that appellant was not the owner of the logs in question, entered judgment in favor of the Browns and against Ray for the amount sued for, decreed the same to be a lien upon the logs attached, ordered the sale thereof as provided by law, and dismissed the complaint in intervention. This appeal is from the judgment.

The principal question here presented is whether title to the logs in question had passed from Ray to appellant.

The contract between Ray and appellant must be regarded as an executory contract to sell. It requires the selection of the merchantable timber upon lands which Ray then owned or might thereafter acquire, as well as the cutting, skidding, scaling and delivery of the logs. The contract is silent as to when title shall pass. As was held in the case

of *Mark P. Miller M. Co. v. Butterfield-Elder Imp. Co.,* 32 Ida. 265, 181 Pac. 703:

"If the terms of an agreement of sale are undisputed, and the attendant circumstances are agreed upon, the question of the intent of the parties in respect to the passing of title is usually one of law."

While the question of the passing of title is not always easy of solution, we think this case falls well within the general rule that where the contract of sale provides that the seller shall deliver the property sold at some place specified and receive payment on delivery, title will not pass until such delivery. (24 R. C. L. 35, note 8.)

The supreme court of Nebraska, in passing upon this question, held:

"If the contract expressly provides that delivery shall be made at a certain place, the vendor's title to the property is not divested until delivery is so made." (*Neimeyer Lumber Co. v. Burlington & M. R. R. Co.,* 54 Neb. 321, 74 N. W. 670, 40 L. R. A. 534.)

Our position upon this question has been given the approval of the legislature in C. S., sec. 5691, enacted in 1919, which provides that:

"If the contract to sell requires the seller to deliver the goods to the buyer . . . . or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

Moreover, respondent Ray having remained in actual possession and control of the logs, the sale was void as against his creditors, and this would be true regardless of whether title had passed as between him and appellant. The rule was announced by this court in the case of *Ahlstrom v. Tage,* 31 Ida. 459, 174 Pac. 605, in the following language:

"Under the provisions of Rev. Codes, sec. 3170, an alleged sale of personal property, not accompanied by an immediate delivery and followed by an actual and continued change of possession, is conclusively presumed to be fraudulent and void as against creditors of and purchasers from the ven-

dor." (C. S., sec. 5434; *Johnson v. Sage,* 4 Ida. 758, 44 Pac. 641; *Hallett v. Parrish,* 5 Ida. 496, 51 Pac. 109; *Coombs v. Collins,* 6 Ida. 536, 57 Pac. 310.)

From what has been said it follows that the judgment should be affirmed, and it is so ordered.    Costs are awarded to respondents.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Dunn, J., being disqualified, did not sit at the hearing and took no part in this opinion.