(April 15, 1896.)

## JOHNSON v. SAGE.

[44 Pac. 641.]

MINING CORPORATION—PRESIDENT AND SECRETARY—BOARD OF DIRECTORS—THEIR SEVERAL POWERS.—The president and secretary of a mining corporation have no power to appoint an agent or attorney in fact to manage, control, sell and transfer the property of the corporation, without being themselves authorized so to do, by order or resolution of the board of directors duly adopted by said board.

AUTHORITY OF AN ATTORNEY IN FACT.—A power of attorney to manage, control and lease the property of a mining corporation, does not authorize an attorney in fact, or agent, to sell and transfer the property of the corporation, either in trust or absolutely.

SALE IN TRUST FOR BENEFIT OF GRANTOR IS VOID AS AGAINST CREDITORS.—A sale and transfer of all the earth, rock, gold and everything of value now in the sluice boxes, or to be hereafter in the

sluice boxes, with the right to take possession of the sluice boxes, superintend the clean-up, and take and have all the results of the said clean-up, to have and to hold the same for the use and benefit of the grantee, with a contemporaneous verbal agreement between grantor and grantee, that any excess of said clean-up above what was necessary to pay grantee what was due him is a sale in trust for the benefit. of grantor, and is void as against creditors, being forbidden by section 3019 of the Revised Statutes of Idaho.

SAME—SECTION 3020 OF THE REVISED STATUTES CONSTRUED.—A sale of personal property with intent to delay or defraud creditors of grantor is void under section 3020 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

E. M. Heyburn, for Appellant.

It appears from the testimony contained in the transcript that there was no actual change of possession in this case. That Cunningham, who signed the checks, made up the pay-rolls and generally attended to the business of mining on this claim before the alleged assignment, continued, according to the testimony of the plaintiff's witnesses to perform the same acts and functions afterward. That he signed the checks generally for labor and other indebtedness incurred in connection with working the mine as "manager." That he made up pay-rolls as "manager," and that Mr. Johnson, the alleged owner of the property, was on the premises but once and paid out no money except upon the payrolls and checks made by Mr. Cunningham as manager. (Rev. Stats., secs. 3021, 5932; *Harkness v. Smith,* 3 Idaho, 221, 28 Pac. 423.) If the Spokane Hydraulic Mining Company at the time of appointing Mr. Cunningham agent on March 15, 1895, did not contemplate the necessity of his acting for the company in making an absolute assignment of its property, then any such act on the part of the agent would not be within the scope of the authority conferred on him. Admitting the doctrine of the more modern authorities that under especial circumstances and urgent necessity an agent may act even to the extent of pledging the property of his principal, yet in this case there is no evi-

dence that any such necessity existed, but on the contrary positive testimony of Cunningham's, the agent, that the assignment was purely voluntary and was not demanded on the part of any beneficiary under it. And Mr. Cunningham's own testimony, that it was to delay and hinder creditors, takes it out of the most liberal construction that the rule has ever received that an agent may under pressing circumstances transfer or pledge the property of his principal. The making of the contract was clearly not within the scope of the authority of the agent. (*McCord etc. Furniture Co. v. Wollpert,* 89 Cal. 271, 26 Pac. 969; *Borderre v. Den,* 106 Cal. 594, 39 Pac. 946; *Bronson v. Ashlock,* 2 Kan. App. 255, 41 Pac. 1068; *Union Gold Min. Co. v. Rocky Mountain Nat. Bank,* 2 Colo. 565; *Holbrook v. McCarthy,* 61 Cal. 216; *Harris v. San Diego Flume Co.,* 87 Cal. 526, 25 Pac. 758; *Smyth v. Lynch,* 7 Colo. App. 383, 43 Pac. 670.) Where the agent's power is in writing, or the facts are undisputed, the question as to the extent of the agent's authority is purely a question of law. (Mechem on Agency, secs. 104, 105; *Gulick v. Grover,* 33 N. J. L. 463, 97 Am. Dec. 728; *Claflin v. Continental Jersey Works,* 85 Ga. 27, 11 S. E. 721.) There is no sufficient evidence in the record of any ratification of the act by the company, and unless his authority appears to be clearly established by the written appointment, the assignment to Johnson would be unauthorized. (4 Thompson on Corporations, c. 113, secs. 5305-5307, 5327, 5328.)

W. W. Woods and Albert Allen, for Respondent.

We submit that under the authority given him Mr. Cunningham had power to contract such debts as were necessary in the ordinary management of the affairs of the company, and therefore necessarily had the power to secure the same by lease or pledge of the property of the company in his possession. (*Hatch v. Coddington,* 95 U. S. 48.)

Action by Albert Johnson against Eugene Sage. This suit was brought by the plaintiff, against the defendant, in the district court of the first judicial district of Idaho, to determine the ownership and right to possession of the three-fourths interest in and to the following described property, to wit: "All the earth, rock, gold, and all things of value in the sluice-boxes, and on the bedrock connected therewith, upon the Dry Gulch placer mining claim, situated in the Summit mining district, in the county of Shoshone and state of Idaho." The complaint was filed July 12, 1895. The plaintiff alleged ownership, possession, and right to possession on July 6, 1895; that defendant on said date, wrongfully took possession of said goods, and wrongfully withholds the same; alleged value to be $4,000, and damages at $2,000. Defendant's answer denies each allegation of plaintiff and alleges that defendant, as sheriff of Shoshone county, levied upon and seized said property by virtue of a writ of execution issued out of said district court, on July 2, 1895, upon the judgment in said court in favor of George B. Dean, and against the Spokane Hydraulic Company; that said property was, at the time of said levy, the property of and in the possession of the said Spokane Hydraulic Mining Company. The cause was tried before the court and jury, resulting in a verdict and judgment for the plaintiff, that said property is the property of plaintiff, and that he is entitled to the possession of the same, and assessing his damages at one dollar. From this judgment, and from an order overruling the motion for new trial, the defendant appeals to this court. Reversed.

MORGAN, C. J. (After Stating the Facts.)—The plaintiff assigns the following errors, among others, to wit: 1. The court erred in admitting in evidence plaintiff's exhibit "A." 2. The court erred in admitting in evidence plaintiff's exhibit

"B." 3. The court erred in refusing to sustain the defendant's motion for nonsuit.

The defendant, as sheriff of Shoshone county, levied upon the property in question by virtue of an execution issued out of the district court of the first judicial district in and for Shoshone county, July 2, 1895, upon a judgment rendered in the above-entitled cause, in favor of George B. Dean, against the Spokane Hydraulic Company, as the property of the said Spokane Hydraulic Mining Company. The plaintiff claimed the property had been sold and transferred to him by said company on the twentieth day of June, 1895. To sustain his claim of ownership, the plaintiff introduced exhibit "A," which is as follows, to wit:

"Spokane, March 15, 1895.

"This is to certify that Clarence Cunningham has been appointed the legal and authorized agent of the Spokane Hydraulic Mining Company, to take charge, manage, lease, and make such settlements, and collect and pay out all moneys coming to this company, that is necessary for the economical management of this company's affairs. The above appointment was made on the fifteenth day of March, 1895, by a majority of the directors of this company, in their office in Spokane, Wash.

"THE SPOKANE HYDRAULIC MINING CO.,

"By L. C. DILLMAN,

"Pres.

"JEROME L. DRUMHELLER,

"Secty."

This exhibit does not authorize the manager, Clarence Cunningham, to sell and transfer the property of the Spokane Hydraulic Mining Company to the plaintiff or any other person, and cannot be admitted as evidence of the sale to plaintiff. It only empowers him to take charge of, manage, and lease said property, and make such settlements, and collect and pay out all moneys, coming to this company, that are necessary

for the economical management of the company's affairs.    It is also insufficient evidence of the sale, for the reason that the directors of a corporation can only act for said corporation when they are in session as a board, and by order or resolution, which order or resolution must be spread upon the minutes of said corporation as such official act.    To entitle said exhibit "A" to be introduced as evidence, the said order or resolution must precede or accompany the company's said exhibit, and be also introduced as evidence of the authority of the president and secretary of said company to appoint Clarence Cunningham as manager; the said Cunningham not having power to sell and transfer the property of the corporation, except so far as was necessary to transact the legitimate business of the same—that is, to sell the products of the works, purchase supplies, etc., or lease the property to other parties.

Exhibit "A" having been admitted by the court, the plaintiff then offered in evidence exhibit "B," which is as follows, to wit:

"This agreement, made the twentieth day of June, 1895, between the Spokane Hydraulic Mining Company, a corporation, party of the first part, and the Bank of North Idaho, party of the second part, witnesseth: That, for and in consideration of the sum of $2,000 paid to the party of the first part by the party of the second part, and the further consideration of securing all indebtedness accruing since March 15, 1895, now owing or hereafter accruing from the party of the first part to the party of the second part, the said party of the first part hereby sells, assigns, transfers, and sets over to the party of the second part all the earth, rock, gold, and everything of value now in the sluice-boxes, or to be hereafter in the sluice-boxes, excepting the one-fourth (¼) royalty to be paid to the owners of the Dry Gulch placer claim, up to the time of the next clean-up of the workings of the party of the first part on its ground on the Dry Gulch placer mining claim, in Summit mining district, Shoshone county, state of Idaho, with the right to the party of the first part to take possession of the sluice-boxes, flumes, and all workings of the party of the first part, and superintend the said clean-up, and to take and have all the results of

the said clean-up. To have and to hold the same for the use and benefit of the said party of the second part for the purposes aforesaid. In witness whereof, the party of the first part has sealed these presents and signed the same by its manager.

"[Seal]   SPOKANE HYDRAULIC MINING CO.,
                  "By CLARENCE CUNNINGHAM,
                                                "Manager."

The authority to make the sale not having been conferred upon Cunningham, exhibit "B" was not proper or competent evidence of such sale, and should have been rejected.

The testimony of Cunningham, the manager of the Spokane Hydraulic Mining Company, shows that there was an agreement between Johnson and Cunningham, at the time of the execution of exhibit "B," that, if there was any excess in the clean-up, above what was necessary to pay Johnson the moneys advanced by him, the same was to be returned to the company by plaintiff, Johnson. This evidence shows that the alleged transfer was not a sale, absolutely, but was simply an assignment in trust, for the benefit of the company, and to secure Johnson. All sales or transfers of property in trust for the benefit of the grantor are void, as against creditors of the grantor. (See Idaho Rev. Stats., sec. 3019.) The testimony of the manager, Cunningham, shows that one reason for the sale was that he feared some of the old creditors of the company might levy upon the money, and tie it up, and make them trouble. This brings the sale and transfer of the property in direct conflict with section 3020 of the Revised Statutes of Idaho, which is as follows: "Every transfer of property, or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or any person of his demands, is void as against all creditors of the debtor." In view of the fact that the alleged sale was in trust for the benefit of the grantor, and also of the further fact that it was made for the purpose of hindering other creditors from their demands, and of the further fact that the manager was not authorized to make such sale and transfer, the attempted sale and transfer of all such property was void.

It is probable that, under the power granted to Cunningham, with proper proof of the authority of the president and secretary to make such appointment, Cunningham, the manager, might make a partial pledge of the proceeds of the mine to secure Johnson for the money advanced by him in the business of the company; but to sell and transfer its property, in trust or otherwise, was clearly not within his power. The motion for nonsuit that followed the introduction of the plaintiff's testimony should have been granted.

It further appears that there was no change of possession of the property as required by section 3021 of the Revised Statutes, as it appears that Cunningham remained in the same control and management of the property after the sale as he exercised before, and continued to draw checks in large numbers, in the name of the Spokane Hydraulic Mining Company, in precisely the same manner and name as before the transfer. (See *Harkness v. Smith,* 3 Idaho, 221, 28 Pac. 423.) The judgment is reversed, with instructions to the court below to enter judgment in favor of the defendant, with costs to the appellant.

Sullivan and Huston, JJ., concur.