[Filed June 21, 1892.]

## HAMILTON & ROURKE *v.* D. GORDON.

VENDOR AND VENDEE—CONTRACT FOR SALE OF CHATTELS.—Where, by the terms of an agreement for the sale of chattels, the vendor is to do anything with the property for the purpose of putting it into the condition in which the vendee is bound to accept it, or anything remains to be done to ascertain the quantity, where the goods are sold by weight or measure, the performance of these things, in the absence of circumstances showing a contrary intention, is a condition precedent to vesting the title in the vendee.

IDEM—BREACH OF CONTRACT—DAMAGES—REPLEVIN.—A vendee may recover damages for the breach of a contract for the sale of chattels, in case the vendor violates the contract by delivering only a part of the goods, and refusing to deliver the remainder; but replevin will not lie to recover the undelivered goods.

PRACTICE IN SUPREME COURT—BILL OF EXCEPTIONS.—This court will not strike from the files a bill of exceptions containing all the evidence given

in the court below, instead of only so much thereof as may be necessary to explain the exceptions, but will decline to examine the questions sought to be presented in that irregular manner.

Umatilla county: M. D. CLIFFORD, Judge.

Defendant appeals.   Reversed.

*H. J. Bean*, for Appellant.

*J. J. Balleray*, for Respondents.

BEAN, J.—This is an action to recover possession of three hundred sacks of wheat, of which plaintiffs claim to be the owners and entitled to the possession.   The complaint is in the usual form, alleging ownership and right to the possession in plaintiffs, and possession and unlawful detention by defendant.   The answer denies the allegations of the complaint except the fact of possession by defendant, and alleges ownership and right to the possession in defendant.   A trial before a jury resulted in a judgment in favor of plaintiffs, from which defendant brings this appeal. The errors assigned are in the admission and exclusion of evidence, and instructions to the jury, but the only question we deem it necessary to consider is presented by the instruction of the court to the jury.

The facts are these:   In July, 1891, the plaintiffs and defendant entered into the following contract in writing:

"PENDLETON, OREGON, July 14, 1891.

"This certifies that D. Gordon hereby sells and agrees to deliver to Hamilton & Rourke, in their warehouse, or platform, at Vansycle, Oregon, on or before October 1, 1891, all the grain harvested by me, on land described below; wheat sacked in good merchantable sacks; the same being that certain crop now harvested, or hereafter to be harvested, during the current season from my certain farm in sections 17 and 18, township 5 north, range 32 east, Willamette meridian, there being about two hundred acres of said tract in crop, for which said Hamilton & Rourke agree

to pay sixty-five cents per bushel, sacked; one dollar advanced on this contract.

(Signed,)          "HAMILTON & ROURKE.

"D. GORDON.

"Dated Pendleton, July 14, 1891.

"(Executed in duplicate.)

"Above wheat is Blue Stem."

After the grain mentioned in the contract had been harvested, there was delivered by defendant, and received and paid for by plaintiffs, one thousand six hundred and forty-two bushels of wheat, leaving two hundred and thirty-four sacks of the value of four hundred and thirty-four dollars and twenty-five cents undelivered and unpaid for, to recover possession of which this action is brought.

The contention of the plaintiffs is, that when the contract above mentioned was signed, it operated to transfer the title of the wheat from defendant to plaintiffs, and this was the view of the trial court, as it so instructed the jury and directed them to find a verdict in favor of plaintiffs for the wheat undelivered.

Whether an agreement concerning the sale and delivery of goods, in the absence of a delivery, is to be treated as an executed or an executory contract, and whether the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded, or remains the property of the vendor until the contract is fully executed, is often a difficult and embarrassing question, and the books are replete with the discussion of the various aspects of the question. As between the parties, it is generally considered a question of intention; and it may often happen that the parties have expressed their intention in a manner that leaves no room for doubt; where, however, they have not done so in express terms, the intention must be collected from the agreement, and the courts have adopted certain rules for that purpose. As a general

rule, where, by the agreement, the vendor is to do anything with the property for the purpose of putting it into a deliverable condition, or into that state in which the purchaser is bound to accept it, the performance of these things, in the absence of circumstances showing a contrary intention, is taken to be a condition precedent to the vesting of the property in the buyer; and also when goods are sold by weight or measure, and anything remains to be be done for the purpose of ascertaining the quantity, in the absence of circumstances showing a different intention, the title does not pass until the goods are weighed or measured. (Benj. Sales, § 318; *Hubler* v. *Gaston,* 9 Or. 66; 42 Am. Rep. 794; *Rosenthal Bros.* v. *Kahn Bros.* 19 Or. 571; *Barr* v. *Borthwick,* 19 Or. 578.)

By the terms of the agreement in this case, the grain was to be harvested and sacked "in good merchantable sacks" by the vendor, in order to put it in a deliverable condition, and by him conveyed to the warehouse or platform of plaintiffs at Vansycle, before plaintiffs were bound to accept or receive it or pay for the same. It is also provided that the wheat shall be paid for at a certain price per bushel, and this payment and the delivery of the grain are, by the terms of the agreement, concurrent acts; so that it was necessary that the grain should be weighed or measured in order to ascertain the quantity; and it seems clear the title would not pass until the grain was delivered at the place agreed upon, and the quantity ascertained by weight or measurement. There is nothing in the agreement or the circumstances of the case to indicate that the parties intended the title of the grain to vest in plaintiffs until it was harvested and delivered at the place agreed upon, and the quantity ascertained. In fact, it was evidently the intention of the parties at the time the agreement was entered into that the title and risk should remain in the defendant until so delivered. It was in his possession and under his control. He was required to put it in a deliverable condition and deliver it at a certain specified

place.   Plaintiffs, who are grain merchants, were not deal-
ing in or intending to purchase the grain until after it
was harvested, sacked in good merchantable sacks, and
delivered at their warehouse or platform; and were then
only to pay for it at a certain rate per bushel after the
quantity should be ascertained.

The contract is only a contract for the sale of a certain
crop of grain; and if defendant has violated his agree-
ment by delivering only a part of the grain and refusing
to deliver the remainder, plaintiffs, if damaged, have their
remedy, but not by an action to recover possession of the
property.

A motion was filed in this court by respondents to strike
the bill of exceptions from the files, because it is nothing
but a copy in longhand of the reporter's notes of the trial.
We are not aware of any rule of law or practice authoriz-
ing us to strike from the files that part of the transcript
signed and allowed by the trial judge, and made a part of
the record in the court below as a bill of exceptions; but
we are equally certain that there is no rule of law requiring
us to examine, in search of errors, such an alleged bill of
exceptions, unless it is prepared in the manner provided
by law.   We have heretofore, in some instances, when it
was difficult to clearly ascertain the question sought to be
presented, declined to do so, and shall follow the same
practice in the future when the occasion presents itself.   If
counsel prefer to encumber and confuse the record by bring-
ing into this court a copy of the reporter's notes, containing
all the proceedings of the trial to the minutest particulars,
in place of a bill of exceptions clearly stating only the
questions sought to be presented with so much of the evi-
dence or other matter as is necessary to explain the excep-
tion and no more, they must abide the consequences.   In
this case, the only question we have thought proper to con-
sider is the construction of the written contract between
plaintiffs and defendant; and that question is clearly pre-

sented by the bill of exceptions so as to be readily under-stood.

The judgment is reversed and a new trial ordered.