(December 16, 1911.)

## JOHN A. CARLSON, Respondent, v. THE CRESCENT WOODENWARE & BOX MANUFACTURING CO., Appellant.

### [120 Pac. 460.]

SALE OF LOGS—DELIVERY—INTENTION OF PARTIES—ACCORD AND SATISFACTION—INSTRUCTION.

(Syllabus by the court.)

1.  Where C. made a contract with the C. W. & B. M. Co. to sell to the company all cottonwood sawlogs cut on a certain described tract of land and delivered on the bank of the Kootenai river within a certain time, and the company agreed to pay for the same at the rate of four dollars per thousand, board measure, and to scale the same when notified of the delivery of the logs on the bank of the river, *held,* that where C. cut and banked the logs in accordance with the contract, the delivery was complete upon his banking the logs as provided in the contract.

2.  The question of when the title to personal property passes on sale thereof will be governed by the intention of the parties and is a question for the jury under proper instructions.

3.  The questions as to whether such contract was made and whether the logs were delivered on the bank of the river as agreed were submitted to the jury upon proper instructions, and on a substantial conflict in the evidence the jury found in favor of the plaintiff, and in such cases the verdict of the jury will not be set aside.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. Robt. N. Dunn, Judge.

Action to recover for sawlogs sold and delivered.   Judgment for plaintiff.   *Affirmed.*

A. H. Conner, and A. W. Witherspoon, for Appellant.

In the absence of any intention expressed by the parties, the law raises a presumption "that if something remains to be done for the purpose of testing the property or fixing the amount to be paid by weighing, measuring or the like, or of

putting the property into condition for final delivery, the title does not pass until the act is done.'' (*Wadhams & Co. v. Balfour,* 32 Or. 313, 51 Pac. 642; Mechem on Sales, sec. 478; *Star Brewery Co. v. Horst,* 120 Fed. 246.)

The scaling by the appellant corporation was one of the things necessary to be done before there could be an appropriation of the specific goods contemplated by the contract.

Appropriation is primarily the act of both parties, and can only become the act of one alone when the other has expressly or impliedly agreed that he may make it. (Mechem on Sales, sec. 726; *Backes v. Black* (Neb.), 97 N. W. 321; *Rosenthal v. Kahn,* 19 Or. 571, 24 Pac. 989; *Singer Mfg. Co. v. Cheney,* 21 Ky. L. 550, 51 S. W. 813.)

Where a claim is unliquidated or in dispute, payment or acceptance of a less sum than that claimed operates as an accord and satisfaction. (1 Cyc. 329, and cases there cited; *Hand Lbr. Co. v. Hall,* 147 Ala. 561, 41 So. 78.)

The receipt and retention of a sum remitted as payment in full is deemed such an acceptance as to constitute an accord and satisfaction. (*Black-Clawson Co. v. Carlyle Paper Co.,* 133 Ill. App. 61; *Goodloe v. Empson Pkg. Co.* (Mo. App.), 122 S. W. 771; *Schwartz v. Hirsch,* 107 N. Y. Supp. 796, 56 Misc. 618; *Caravia v. Levy,* 119 N. Y. Supp. 160; *Barham v. Bank of Delight,* 94 Ark. 158, 126 S. W. 394.)

E. W. Wheelan, for Respondent.

The question as to when title passes under a contract of sale is one of the intention of the parties. (24 Am. & Eng. Ency. of Law, 1047; *Hunt v. Thurman,* 15 Vt. 336, 40 Am. Dec. 683; *Davis v. Hill,* 3 N. H. 382, 14 Am. Dec. 373; *Lassing v. James,* 107 Cal. 348, 40 Pac. 534; *Sewell v. Eaton,* 6 Wis. 490, 70 Am. Dec. 471; *Morrow v. Reed,* 30 Wis. 81; Sedg. on Dam., 337, 6th ed.; *Smith v. Wheeler,* 7 Or. 49, 33 Am. Rep. 698; *Dustan v. McAndrew,* 44 N. Y. 72; *Wadhams & Co. v. Balfour,* 32 Or. 313, 51 Pac. 642; *Sempel v. Northern Hardwood Lbr. Co.,* 142 Iowa, 586, 121 N. W. 23.)

Nothing remained to be done on the part of the plaintiff. (*Goddard v. Binney,* 115 Mass. 450, 15 Am. Rep. 112.)

The court properly instructed the jury as to the measure of damages. (*Idaho Imp. Co. v. Lambach*, 16 Ida. 497, 101 Pac. 951; *Shawhan v. Van Nest*, 25 Ohio St. 490, 18 Am. Rep. 313.)

SULLIVAN, J.—This action was commenced by the plaintiff, who is respondent here, against the appellant corporation, to recover damages on a contract entered into between the parties, by the terms of which the respondent agreed to sell and appellant agreed to buy all cottonwood saw timber cut from lots 4 and 5, Sec. 1, Tp. 63, N. of R. 1, West of B. M., and delivered on the bank of the Kootenai river on said land, prior to the 1st day of May, 1909, and the appellant company agreed to pay for such cottonwood timber four dollars per thousand feet, board measure, and to scale all such logs and timber and to pay for same according to such scale upon being notified of the delivery of said logs on the bank of said river.

The respondent alleged that he cut about a million feet of cottonwood logs from said land and delivered the same upon the bank of Kootenai river and notified the appellant of such delivery prior to the first day of May, 1909, under the terms of said contract, and that appellant has at all times since said notification failed and refused to comply with the terms of said contract, except that it has scaled and paid respondent for 100,000 feet of said cottonwood logs. Plaintiff prayed for damages in the sum of $3,600.

The answer of the appellant denied the material allegations of the complaint but admits that it scaled, accepted and paid for about 100,000 feet of sawlogs, but denies that that was done pursuant to any contract other than the contract entered into at the time of the scaling of said logs.

Upon the issues thus made the cause was tried by the court with a jury and resulted in a verdict for the respondent in the sum of $2,999.98, and judgment was entered for that amount. The appeal is from the judgment.

The evidence shows that at the time the contract was entered into the cottonwood saw timber involved in the contract was standing on the land described in the complaint, and it was

pursuant to that contract that the sawlogs were cut and banked on Kootenai river. The evidence shows that the defendant took possession of and paid for 100,000 feet of the sawlogs cut under that contract. This was an entire contract whereby the appellant agreed to buy all of the cottonwood logs cut on said land and banked on Kootenai river, and the plaintiff proceeded and cut a million feet of said logs and banked them on the river. After the respondent had scaled a hundred thousand feet of the logs so cut and banked, appellant refused to scale the remaining part of said logs; and upon that state of facts counsel for the appellant contends that the true measure of damages in this case must be the difference between the contract price of the logs contracted for and the market price at the place where the breach was committed, and cites many authorities in support of his contention. Many of the cases so cited were cases in which the prospective buyer broke his contract prior to the delivery of the property purchased and the question involved in this case is whether the delivery was made by the respondent. Under the contract he cut the logs and banked them on the river. He thus performed all that was to be performed by him and delivered the logs to the appellant, but the appellant refused to accept them, and contends that because of its refusal to scale and pay for said logs there was no delivery and no title passed. We cannot agree with that contention. The question as to when title passes under a contract for the sale of personal property is one of intention of the parties, and it is stated in 24 Am. & Eng. Ency. of Law, p. 1047, as follows:

"In determining whether the title has or has not passed by the contract, the primary consideration is one of intention. The agreement is what the parties intended to make it. If the intention is manifested clearly and unequivocally, it controls. What was the intention of the parties is a question for the jury to be determined under proper instructions from the court."

And on p. 1049, it is said: "It is a presumption of law that if something remains to be done for the purpose of testing the property or of fixing the amount to be paid by weighing,

measuring or the like, or of putting the property into condition for final delivery, title does not pass until such act is done. But this presumption may be overcome and title will pass if such appears by the contract to have been the intention of the parties.''

The jury found under proper instructions that the intention of the parties was that the logs were delivered when they were placed upon the bank of the river, by returning a verdict for the plaintiff. The material issues made by the pleadings were submitted to the jury upon a substantial conflict in the testimony and one of those issues involved the delivery of said logs to the appellant, and the jury could not have found a verdict for plaintiff without finding that the logs had been delivered. We think the evidence is sufficient to support the verdict, and since there was a substantial conflict in the evidence upon the material issues, the judgment will not be disturbed. The plaintiff had cut and banked the logs and had delivered them on the bank to the appellant. The appellant's refusing to measure and pay for the logs is not sufficient to show that they were not delivered under the terms of the contract.

The question of accord and satisfaction is raised, but we do not think the evidence sufficient to show accord and satisfaction.

After an examination of the instructions given by the court, we are satisfied they sufficiently cover the law of the case. Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.

Petition for rehearing denied.