(February 9, 1922.)

THE PORTLAND SEED COMPANY, Appellant, v. TOM CLARK and THE FIRST NATIONAL BANK OF EMMETT, IDAHO, a Corporation, Respondents.

[204 Pac. 146.]

CONVERSION—SALES.

    1. Where a contract, made for the purchase of clover seed growing in the field, requires the seller to harvest, thresh, reclean and sack the same, and load on board cars, the title does not pass until the seller has fulfilled the requirements of the contract.

    2. An action for conversion can be maintained only by one who has the title or right to possession of the property converted.

---

Publisher's Note.

1. Construction of contracts for sale of season's output, see notes in 1 A. L. R. 1392; 9 A. L. R. 276.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for damages for conversion. Judgment for defendants. *Affirmed.*

C. H. Edwards, for Appellant.

"Where the goods sold are designated so that no question can arise as to the thing intended, it is not absolutely essential that there should be a delivery, or that the goods should be in a deliverable condition, or that the quantity or quality, when the price depends upon either or both, should be determined—these being circumstances indicating intent, but not conclusive." (*Idaho Implement Co. v. Lambach,* 16 Ida., 497, 101 Pac. 951.)

The action for conversion will lie where the plaintiff has at the time a right of property in the chattel, either general or special. (Sec. 97, Martin on Civil Procedure at Common Law; 38 Cyc. 2044; *Brown v. Campbell Co.,* 44 Kan. 237, 21 Am. St. 274, 24 Pac. 492; *Alexander H. Abrahams & Co. v. Southwestern Railroad Bank,* 1 S. C. 441, 7 Am. Rep. 33.)

Floyd C. White and Finley Monroe, for Respondents.

"Where specific goods are to be completed or prepared for delivery no title passes until this is done." (1 Mechem on Sales, sec. 507, p. 422; Story on Sales, sec. 296, p. 328, and note 2; Benjamin on Sales, 7th ed., p. 721; Williston on Sales, sec. 280, p. 405, note 61; *Kenney v. Grogan,* 17 Cal. App. 527, 120 Pac. 433; *Wesoloski v. Wysoski,* 186 Mass. 495, 71 N. E. 982; *Hamilton v. Gordon,* 22 Or. 557, 30 Pac. 495; 35 Cyc. 283, note 56; *Hughes v. Wiley,* 36 Kan. 731, 14 Pac. 269; 24 Am. & Eng. Ency. of Law, 1050.)

"Title to, or the right of property in, a chattel will not alone support an action in trover; it must be united with actual possession or right of immediate possession." (38 Cyc. 2045; 28 Am. & Eng. Ency. of Law, 656, 657, 659.)

RICE, C. J.—This is an action for damages for the conversion of clover seed. Appellant bases its title and right to possession upon the following contract:

"PORTLAND SEED COMPANY,

"Portland, Oregon.

"Date: Sept. 28, 1918.

"Bought of: Tom Clark.

"Postoffice: New Plymouth.

"Shipping Sta.: Emmett.

"Terms: $400. Balance F. O. B. Cars.

"Date of Shipt. —— Via. ——

"All conditions of sale must be expressed in writing. No verbal agreements recognized.

"This contract is for about two tons of red clover seed, or all he has on the 40-acre tract across the river. This seed is to be recleaned and in good seamless bags at 28¢ per lb. And loaded when threshed and shipped to Portland.

"PORTLAND SEED COMPANY,

"By H. G. ROGERS.

"Price, terms and sale confirmed, and receipt of $400 dollars, part payment, on above is hereby acknowledged.

"Date: Sept. 28.

"By TOM CLARK."

This was an executory contract of purchase. At its date the clover seed was growing in the field. The seller was required to harvest, thresh, reclean and sack the seed, load the same on cars and ship to Portland. Until all these requirements were complied with by the seller title would not pass. The trial court so found. (*Brown v. Herrick,* 34 Ida. 171, 200 Pac. 117; *Mark P. Miller Milling Co. v. Butterfield-Elder Implement Co.,* 32 Ida. 265, 181 Pac. 703; *Clinton Sheep Co. v. Ogee,* 34 Ida. 22, 198 Pac. 675; *Hamilton v. Gordon,* 22 Or. 557, 30 Pac. 495; *Kenney v. Grogan,* 17 Cal. App. 527, 120 Pac. 433; *Hughes v. Wiley,* 36 Kan. 731, 14 Pac. 269; *Williston on Sales,* p. 404, sec.

280.   See, also, *Carlson v. Crescent etc. Box Mfg. Co.*, 20 Ida. 794, 120 Pac. 460.)

The appellant did not show title or right to possession of the clover seed, and cannot maintain this action.   (*Mark P. Miller Milling Co. v. Butterfield-Elder Implement Co., supra; Clinton Sheep Co. v. Ogee, supra.*)

It is unnecessary to consider the other assignments of error.

The judgment is affirmed, with costs to respondents.

McCarthy and Dunn, JJ., concur.