(February 11, 1922.)

R. E. BROWN and H. O. BROWN, Copartners, Doing Business Under the Style and Firm Name of BROWN BROTHERS SHEEP COMPANY, Appellants, v. SAMUEL FEELER, Respondent.

[204 Pac. 659.]

CONTRACT TO SELL — PERSONAL PROPERTY — CHANGE OF POSSESSION — EVIDENCE—INSTRUCTIONS.

1. *Held*, that the evidence in this case shows without conflict that the transaction between appellants and Abbl was an executory contract to sell; that the latter at all times retained possession of the sheep involved in this action until he sold and delivered the same to respondent, and that there is no evidence in the record from which the inference may be drawn that delivery, either actual or constructive, was ever made of these sheep to appellants.

2. Under an executory contract to sell, where the vendor retains possession of the property, and there is no evidence tending to show either actual or constructive delivery thereof to the vendee, error cannot be predicated upon an instruction by the court that the law presumes every sale of personal property to be fraudulent and void as against purchasers in good faith, subsequent to such sale, unless change of possession of the property from the seller to the purchaser accompanies and follows the

sale, and that such change must be an open, visible change, manifested by such outward signs as rendered evident to persons dealing with the property that the possession of the former owner as such had ceased, and that the delivery incident to such change of possession must be an actual manual delivery when the property is susceptible of it.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action in claim and delivery. Judgment for defendant. *Affirmed.*

Walters, Hodgin & Bailey, for Appellants.

What constitutes an immediate delivery, or an actual change of possession required by the statute, cannot be tested by any fixed or determined rule. (*Simons v. Daly*, 9 Ida. 87, 72 Pac. 507; *Hazard v. Cole*, 1 Ida. 276; *Rapple v. Hughes*, 10 Ida. 338, 77 Pac. 722; *In re McCartney*, 218 Fed. 717.)

The purchase of the sheep in question by the appellants was an actual *bona fide* transaction, made in good faith. (*Trousdale v. Winona Wagon Co.*, 25 Ida. 130, 137 Pac. 372.)

J. W. Taylor, for Respondent.

Sec. 5434, C. S., requires such change of possession as will furnish evidence of a change of ownership, and the instructions of the trial court are strictly to that effect. Under the instruction, the jury was free to decide whether the evidence established such a change of possession. (*Hallett v. Parrish*, 5 Ida. 496, 51 Pac. 109.)

BUDGE, J.—This is an action in claim and delivery, brought by appellants to recover from respondent about 25 Hampshire ewes, or the value thereof.

The record discloses that prior to July 9, 1916, one Edward Abbl was the owner and in possession of a small

band of sheep, which were pastured on a farm owned by
his father, John Abbl, and on said date appellant R. E.
Brown contracted to purchase this band, or a portion thereof
—the evidence being conflicting upon this point—giving
his check for $40 to bind the bargain, on which now ap-
pears the notation: "Payt on Rams and all ewes.  Rams at
20 & ewes at 12.00  Rams del. Aug 1st & ewes sometime
Sept.," but which Abbl contends has been altered; that on
July 29, 1918, eleven rams were delivered by Abbl to
appellants, for which they then gave their check for $220,
bearing the notation, "Payt on contract"; that about August
10, 1918, appellants selected from the band five· ewes, which
they took with them, and on August 22, 1918, they also gave
Abbl their check for $20, marked "Payt on sheep."  On
August 23, 1918, Abbl sold and delivered to respondent the
sheep remaining in his possession, 27 ewes, for $13 each, or
a total of $351, for which he received respondent's check.
About September 1, 1918, appellants went to John Abbl's
ranch to receive the balance of the sheep, to which they claim
they are entitled under their contract with Edward Abbl,
and then learned that these sheep had been sold and deliv-
ered to respondent.  They demanded possession thereof from
respondent, which the latter refused, whereupon they insti-
tuted this action, filing an affidavit and undertaking on claim
and delivery, pursuant to which 25 ewes as described in the
complaint, in the possession of respondent, were seized by
the sheriff and delivered to appellants.

The cause was tried to the court and a ·jury, and judg-
ment was rendered in favor of respondent, for the redeliv-
ery of the sheep, or for $750, the value thereof, and costs,
from which judgment this appeal is taken.

Appellants make two assignments of error, viz., that the
court erred in giving instruction No. 5 and in giving in-
struction No. 6.

Instruction No. 5 is as follows: "The court instructs the
jury that the law presumes every sale of personal prop-
erty to be fraudulent and void as against the creditors of

the seller, and against purchasers in good faith, subsequent to such sale, unless the change of possession of the property from the seller to the purchaser accompanies and follows the sale; *and this change must be an open, visible change, manifested by such outward signs as rendered evident to persons dealing with the property that the possession of the former owner as such has ceased.*"

This instruction, except the portion italicized, is in the words of our statute, C. S., sec. 5434, and it is urged that the latter portion of the instruction took from the jury the question of whether there was a change of possession of the property from the seller to the purchaser; that the court went beyond the statute and advised the jury what constitutes a change of possession under the statute.

Instruction No. 6 reads as follows: "The court instructs the jury that while a sale of personal property may be good as between the vendor and vendee without actual delivery, yet to make such sale valid and binding as against the creditors or vendors or subsequent purchasers of said property, in good faith, there must be a delivery of the property so sold, *and such delivery must be an actual manual delivery when the property is susceptible of it.*"

The evidence shows, without conflict, that the transaction between appellants and Abbl was an executory contract to sell, that Abbl at all times retained possession of the sheep involved in this action, until he sold and delivered the same to respondent, nor is there any testimony in the record from which the inference may be drawn that any delivery, either actual or constructive, was ever made of these sheep to appellants. Under the statute, therefore, it must be presumed that the sale was fraudulent and void as against a purchaser in good faith, if it is to be conceded that the sale was actually made as contended by appellants. It is apparent, as we view the case, that if the language used by the court in the above instructions, as italicized, was erroneous, it did not constitute prejudicial error.

The judgment should, therefore, be affirmed, and it is so ordered.   Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.