(May 26, 1923.)

B. C. BERTLESON, Respondent, v. VAN DEUSEN BROTHERS COMPANY, Appellant.

[217 Pac. 983.]

CLAIM AND DELIVERY—EVIDENCE—ADMISSIBILITY OF—TRANSACTIONS BEFORE DEATH OF DECEASED—SALES—EXECUTORY CONTRACT—TITLE TO MAINTAIN ACTION—NONSUIT.

1. An agreement to sell all the hay to be raised on certain premises during a certain year, at an agreed price, upon which a part payment is made, is merely an executory contract of sale and does not vest title in the purchaser; so that, upon refusal of the seller to deliver the hay, the purchaser may sue for damages for failure to deliver, but not for possession of the property.

---

Publisher's Note.

1. Crops, growing or standing, as personalty subject to replevin, see note in 5 Ann. Cas. 480.

2. Title or right to possession is an essential prerequisite to an action in claim and delivery.

3. The provisions of C. S., sec. 7936, subd. 3, disqualifying parties or assignors of parties from testifying, in an action or proceeding prosecuted against an estate upon a claim or demand against such estate, as to matters of fact occurring before the death of such deceased person, are not applicable where such testimony is for the purpose of establishing a claim against a third person, a codefendant, which is not a claim against such estate.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action in claim and delivery. Judgment for respondent against appellant. *Reversed* and *remanded.*

Lot L. Feltham, for Appellant.

The second amended complaint did not state any facts sufficient to constitute a cause of action against the appellant for want of material allegations, bringing the case within the provisions and restrictions of C. S., sec. 5691. (*Portland Seed Co. v. Clark*, 35 Ida. 44, 204 Pac. 146; *Brown v. Feeler*, 35 Ida. 57, 204 Pac. 659.)

Harry S. Kessler, for Respondent.

C. S., sec. 7936, par. 3, only forbids a claimant from testifying against the administrator of an estate of a deceased person. The plaintiff's testimony was clearly admissible against the appellant, who was a codefendant and against whom a several judgment could be and was rendered. (*Shain v. Forbes*, 82 Cal. 577, 23 Pac. 198; *Nesbit v. Swallow*, 63 Colo. 194, 164 Pac. 1163, and cases cited; *Cunningham v. Stoner*, 10 Ida. 549, 79 Pac. 228.)

The title to the hay in question passed to plaintiff when it was grown, harvested and stacked. It was then in condition for plaintiff to accept and nothing remained but measuring for the purpose of ascertaining the price. (24 R. C. L. 21, 22 (tit. "Sales," sec. 283); *Barber v. Andrews,*

29 R. I. 51, 69 Atl. 1, 26 L. R. A., N. S., 1; *Clinton Sheep Co. v. Ogee*, 34 Ida. 22, 198 Pac. 675.)

This was a contract for the sale of specific goods and the seller was bound to grow, harvest and stack the hay in question for the purpose of putting it in deliverable state; the title passed when that was done.  (C. S., sec. 5691, rule 2.)

It was likewise a contract requiring the seller to deliver the goods or the hay in question at a particular place, to wit: at the stack on the lands of the sellers, and the title passed when the hay reached the stack, which was the place agreed upon.  (C. S., sec. 5691, rule 5.)

BUDGE, C. J.—This action is one in claim and delivery to recover the possession of certain hay or the value thereof in case delivery cannot be had. From the record it appears that H. A. Berry and Clarissa A. Berry, husband and wife, entered into an executory contract of sale with respondent, to sell the hay crop to be grown upon their land in 1917 for the sum of $8 per ton. After the hay was grown and stacked they refused to make delivery to respondent, claiming, as testified to by respondent, that they made no contract with him. This action was brought against the Berrys during their lifetime. To the complaint they filed a demurrer, but prior to the date of the hearing on the same they both died. George Donart was appointed administrator with the wills annexed of the estates of the Berrys, was substituted as a party defendant, and filed an answer. Appellant was also made a party defendant and filed its demurrer and answer. All of the allegations of the complaint were denied both by the administrator and appellant, the latter affirmatively alleging that it was a *bona fide* purchaser of the hay from the Berrys without notice. The record is silent as to the disposition made of the demurrers by the court. We think, however, it is immaterial what action was taken upon them. The cause was tried to the court and jury. A motion for nonsuit was made at the close of respondent's testimony by both the administrator and appellant and renewed at the close of all of the testimony. The motion was sustained as

to the administrator but denied as to appellant. Judgment upon the verdict of the jury was entered in favor of respondent and against appellant for $604.70 and costs. This appeal is from the judgment.

The first assignment of error to be noticed involves the action of the court in permitting respondent, over the objection of appellant, to testify as to any matters occurring between respondent and deceased in connection with entering into the alleged executory contract of sale with the Berrys prior to their deaths. Respondent was permitted to testify that in 1916 he purchased from the Berrys the hay grown upon their premises and at the same time that he made payment therefor he gave them a check for $50 as part payment on the 1917 crop of hay to be grown, which he agreed to purchase. at $8 per ton including the use of certain pasture. The admission of this evidence was not erroneous, at least as far as appellant was concerned. This action against appellant was not a claim or demand against the estates of the Berrys within the meaning of C. S., sec. 7936, which provides, *inter alia:*

"The following persons cannot be witnesses: . . . .

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

To the same effect, see *Rice v. Rigley*, 7 Ida. 115, 129, 61 Pac. 290.

After the hay in question was grown, cut and stacked respondent called upon the Berrys for the purpose of measuring the hay and paying the balance of the purchase price. Thereupon the Berrys repudiated the contract and informed the respondent that they had sold the hay to someone else. According to the testimony of respondent he thereupon measured the hay and tendered to the Berrys the balance of the purchase price, which they refused and later renewed the tender which was likewise refused. The Berrys sold the

1917 hay crop to appellant. It is conceded that appellant purchased the hay from the Berrys without knowledge of any prior agreement for the purchase of the same existing between the Berrys and respondent. The contract between the respondent and the Berrys was an executory one and was breached by the Berrys upon their refusal to deliver. The only action that would lie in favor of respondent was one for breach of contract against the Berrys for refusal to deliver.

It was held in the case of *Hamilton v. Gordon*, 22 Or. 557, 30 Pac. 495, that:

"A written contract certifying that defendant 'hereby sells and agrees to deliver' to plaintiffs, at their warehouse, all the grain harvested or to be harvested during the season by defendant on. certain land, 'wheat sacked in good merchantable sacks,' plaintiffs to pay a certain amount per bushel sacked, is merely executory, and does not vest title in plaintiffs; so that, for refusal of defendant to deliver part thereof, plaintiffs may sue for damages, but not for possession of the property."

23 Ruling Case Law, p. 1251, lays down the rule in the following language:

"When the sale is executory, if the seller refuses to deliver at the appointed time it is very clear the buyer can maintain neither trespass nor trover for the property contracted to be delivered, though the seller may then have it in his possession, and afterward sell it to someone else. Not having actual possession nor any legal title conferring right of immediate possession, he can maintain neither of these actions. His remedy is by an action on the contract itself, for a breach in refusing to deliver according to its terms."

The title to the hay did not pass to the respondent; therefore the sale by the Berrys to appellant, an innocent purchaser without notice, vested a good title in that company. The record clearly shows that respondent failed to establish title in himself or right to possession. Proof of title or right to possession being essential to the right to maintain an

action in replevin, and neither of them having been established by respondent, it follows that the court erred in denying appellant's motion for nonsuit. The motion for nonsuit should have been granted. The cause is therefore remanded, with instructions to the trial court to enter judgment in favor of appellant. Costs are awarded to appellant.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.